# Woodruff v. Conley.

## Habeas Corpus to try Right to Custody of Child.

*Custody of infants.* — The custody of a child is always a proper subject of chancery jurisdiction; and it is immaterial whether that jurisdiction is invoked by bill, petition, or application for *habeas corpus.* In the decision of the question, the welfare of the child is the chief consideration; and when there is no property, letters of guardianship have but little weight. In this case, the court, affirming the decision of the chancellor, refused to withdraw a female child, nine years of age, at the suit of her paternal grandmother, from the custody of her uncle by marriage, who was also her father by statutory adoption, was possessed of a large estate, and shown to be a suitable and proper person to have the care of her; the evidence showing that the grandmother was in limited circumstances, and had the care and custody of the girl's only brother; and the girl herself, on personal examination by the chancellor, expressing a preference to remain with her uncle.

APPEAL from the decision of the Hon. ADAM C. FELDER, chancellor, sitting at Mobile, on the hearing of a writ of *habeas corpus*, sued out by Mrs. Eugenia Woodruff, against Patrick C. Conley, to test their respective rights to the custody of Mary Conley Woodruff, an infant about nine years of age, whose father and mother were both dead. On the evidence adduced, which is substantially stated in the opinion of the court, the chancellor refused to transfer the custody of the child to the petitioner; and his decision, from which this appeal is prosecuted, is now assigned as error.

BEN. LANE POSEY, for the petitioner.

JNO. T. TAYLOR and BOYLES & OVERALL, *contra.*

B. F. SAFFOLD, J.— The matter in dispute is the custody of a child, Mary Conley Woodruff, about nine years of age. The appellant is the mother of the child's father. The appellee is her uncle by marriage with her mother's sister. The grandmother is also her guardian by appointment of the probate court, in September, 1871. The uncle is her father by adoption, under the statute, in November, 1873. No notice of the adoption was given, or is required to be given, to the grandmother, or other relatives, of the child.

Any matter affecting a child may become a subject of chancery jurisdiction; and it is immaterial whether it is brought to the attention of the court by bill, petition, or application for the writ of *habeas corpus.* The relief desired generally indicates the form of the application, which will be varied by the court to suit the circumstances developed. In this case, the mode of proceeding is adequate for the purpose designed, and is proper and right.

The letters of guardianship can be allowed little influence in

determining the case, as the child has no property; and in such case, the guardian may lawfully put the ward to work, or, if too young and feeble, surrender him to some charitable institution. He is not bound to expend his own fortune. Schouler's Domestic Relations, p. 455. Section 1447 of the Revised Code requires the grandmother, or grandchild, of any persons unable to support themselves, to maintain such persons, if able to do so. The father by adoption is under like responsibility to the child.

No court would entertain for a moment the proposition of a stranger to withdraw a child from the custody and care of its grandmother, who was able and qualified to extend to it necessary and sufficient provision, instruction, and kindness. The adoption might not be denied, so far as it made the child capable of inheriting the estate of the declarant. But the law, even by the statute authorizing the adoption, means to preserve inviolate the family relation. The uncle, however, is not a stranger, though the relation is by affinity, and the marriage has been dissolved by death. No argument can strengthen or disprove our consciousness of the fact.

The welfare of the infant is the guiding light by which the discretion of the court must be directed. The matter is one of exceeding delicacy and responsibility. We are deprived of the benefit in decision of all that an intimate and thorough acquaintance with the parties would afford us. The question of material or pecuniary advantage is of easy solution. But which will best train this child in the way she should go? Is there any inability, on the part of either, to inspire her with a true love for virtue, and a high appreciation of right things? We can only determine from the outward circumstances. Poverty and wealth, with all their gradations, have their peculiar advantages and disadvantages. The grandmother is shown to be a most exemplary lady, possessed of a moderate income, obtained almost entirely by the personal exertion of herself and her children. The uncle is represented as devotedly attached to the child, and of lavish generosity to her, and to her parents during their lives. He is in the meridian of life, and is possessed of an ample fortune.

The appellee and the father of the child married sisters, the daughters of Mrs. Cloudis, who is still alive, though about ninety years of age. After the death of the father, nine years ago, the mother and her two children, without means, lived alternately with the appellee, the appellant, and Mrs. Cloudis, until the death of her sister, Mrs. Conley, when she made her home chiefly with the appellant. During all of this time, and until her death in the summer of 1871, she and her children were mainly supported by the appellee. I think the evidence

shows that the appellant could not have borne the expense alone, or in much part, beyond the lodging which her house afforded without the expenditure of money. The mother was frequently disheartened at her dependent situation, though deeply grateful to Captain Conley and her husband's mother.

The two children would be a decided tax on their grandmother, and she has the brother, about twelve years old. The appellee has no children, and he and his present wife desire to retain the sister. On examination, privately and publicly, by the chancellor, she exhibited intelligent appreciation of what she was doing, and, without hesitation, decidedly declared her preference to remain with her uncle. An infant is not without, legal responsibility. His civil contract is voidable only, and he may be sued for necessaries. He is responsible for his torts, and punishable for crime. The age of discretion is not a fixed period of life. Blackstone says, that impunity of crime on account of tender years would be of dangerous consequence to the public, by making children the instruments of others in perpetrating atrocious crimes; but the evidence of malice which is to supply age ought to be strong and clear beyond all doubt and contradiction. Children of eight, nine, and ten years have been capitally punished. Bl. Com. 23; *Godfrey* v. *State*, 31 Ala. 323. In view of such accountability, the clearly expressed wishes of a child of such age in respect to her guardianship ought not to be disregarded without good grounds.

Concern for the welfare of this child is much mitigated by the consideration, that her custody does not involve exclusive and irrevocable appropriation to one, and absolute separation from the other, of her protectors. In this age, it is established that the utmost kindness and tenderness towards children afford the only proper means of their culture, and harshness is disreputable and revolting. It may be safely assumed that she is in no danger of neglect or abuse from either party. The strong probability is that, beyond affectionate remonstrance, her own desires and wishes would be prudently gratified. Is there any reason why she should not preserve her hold on both her grandmother and her adopted father? A good Providence has given her two supports to lean upon, from which she may be enabled in the future gratefully to recompense all their kindness and love. Shall the court take away anything of what her attractiveness has won for her? Rather, let it be, in her own artless expression, "like it had always been, to stay with Pat sometimes, and with grandma' sometimes."

The judgment of the chancellor is affirmed.