[Pearce v. Pearce.]

# Pearce *v.* Pearce.

*Proceedings for Custody of Child after Separation of Husband and Wife.*

1. *Petition by wife for custody of child on voluntary separation; should be filed in wife's own name.*—After the voluntary separation of a husband and wife, a petition filed by the wife asking for the custody and control of the children and to be given the superintendence of their education, (Code, § 2536) should be filed by the wife in her own behalf and not by next friend.

2. *Proceedings for custody of child; plea of res adjudicata presents no defense.*—To a petition filed in chancery by a wife after separation from her husband, seeking the custody of her child, (Code, § 2536), a plea of *res adjudicata* setting up the filing of a former petition by the same petitioner, for the same purpose and against the same defendant, and that a demurrer was sutained to the petition and upon the failure of the petitioner to amend the same it was dismissed by decree of the court, presents no defense and is insufficient as a bar to the prosecution of the pending proceeding.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. JOHN C. CARMICHAEL.

The proceedings in this case were had upon a petition filed in the chancery court of Walker county by the appellee, May E. Pearce, in which she averred that she and the respondent, J. Gus Pearce, were married in 1898, and lived together as husband and wife until June, 1900; that a child was born to them, who, at the itme of the filing of the petition, was about 2 years old; that in June, 1900, on account of the wrngful acts perpetrated upon the petitioner by her husband, there was a voluntary separation between them, and they had not since lived together as husband and wife; that the respondent, J. Gus Pearce, upon such separation, refused to permit or allow the petitioner to have the custody and control of her said child; that said J. Gus Pearce was not a suitable or proper person to have the control and custody of said

child, nor was he such person as should have superintendence of its education and rearing; and that he did not have the prudence, ability or fitness, by reason of his immorality and recklessness, to be entrusted with the custody of such child. The petition then averred that the petitioner was a suitable person to have the custody and control of said child and to be entrusted with the superintendence of its education.

The prayer of the petition was that the respondent, J. Gus Pearce, be required to deliver up the custody of the said child to the petitioner, and that the chancellor render such orders and decrees as would protect the petitioner in the custody, control and education of said child.

This petition was demurred to upon the ground that no facts were stated showing that the respondent was not a suitable person to have the custody of the child, and upon the further ground that the petition was filed by a married woman, and was not brought by her next friend, and no reason shown why she did not sue by her next friend.

The respondent filed a plea of *res adjudicata*, the substance of which is set out in the opinion. There was a demurrer to this plea, upon the ground that such plea presented no answer or defense to the plea. This demurrer was sustained.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the petitioner was entitled to the relief prayed for, and ordered accordingly.

The respondent appeals, and assigns as error the rendition of the decree overruling the demurrer to the petition, the decree sustaining the demurrer to the plea of *res adjudicata*, and the final decree.

COLEMAN & BANKHEAD and W. C. DAVIS, for appellant. The petition in this case, being by a married woman, should have been filed by her next friend. Rule 15 of Chancery Practice contained in the Code of 1886 was left out of the Code of 1896, and its place is now taken by two sections, 1490 and 2527 of the Code of 1896, under neither of which this petition falls.—*Campbell v.*

*Campbell,* 39 Ala. 312; *Wood v. Wood,* 2 Paige Ch. 454; 10 Ency. Pl. & Pr., 197.

The doctrine of *res adjudicata* applies to proceedings for the custody of a child when no new facts have arisen since last trial.—*Wier v. Marlay,* 6 Lawyer's Rep. 672.

W. B. McCollum and D. A. McGregor, *contra.*—The demurrer to the plea of *res adjudicata* was properly sustained.—*Romer v. Levestein Cotton Press Co.,* 127 U. S. 614; *Gilmer v. Morris,* 30 Fed. Rep. 476; *Perkins v. Moore,* 16 Ala. 9.

DOWDELL, J.—A petition by the wife under section 2536 of the Code is properly filed in her own name. *McGough v. McGough, ante,* p. 170.

A plea of *res adjudicata* was filed in the petition, setting up the filing of a former petition by this petitioner, and that on a demurrer sustained to the petition, and a failure of the petitioner to amend the said petition, the same was by decree of the court dismissed. In proceedings of this nature, involving the custody and care of infants, the paramount consideration is the well-being and good of the infant. The rights of the petitioner and the defendant in the petition are secondary in consideration. The infant is regarded as the ward of a court of chancery, and that court will not permit his well-being to be jeopardized by any judgment in a previous contest between the father and mother concerning his custody and care. The court may by its decrees change its custody from one parent to the other, as the interest and care of the infant may in the judgment of the court require. The character and purpose of the proceedings here are different from an action where only the rights of the parties litigating are involved. The demurrer to the plea was properly sustained.

These are the only questions presented for consideration, and the ruling of the lower court being in harmony with our views, the decree will be affirmed.

Affirmed.