REARDEN v. REARDEN. (5 Div. 828.)

(Supreme Court of Alabama. June 30, 1923.)

1. Husband and wife ⬉283(1)—Wife, suing for alimony without divorce, need not show existing grounds for divorce.

A wife, suing for alimony without divorce, is not required to show such fault on the part of the husband as would support a bill by her for divorce.

2. Husband and wife ⬉296—Bill for alimony without divorce held sufficient.

A bill for alimony without divorce, which alleges separation of complainant and her husband, and that complainant was forced by her husband to leave his home without her fault, and that he abandoned her and has since contributed nothing to her support, held sufficient as against demurrer.

3. Husband and wife ⬉296—Allegations in bill for separate maintenance as to husband's ownership of property held sufficient.

Bill for alimony without divorce, which generally alleges the husband's ownership of substantial real and personal property, is sufficient to require reference as to his probable income; the fact that the bill contains irrelevant allegations not rendering it demurrable.

4. Husband and wife ⬉4—Husband not required to support wife, absent from home without his fault.

A husband is bound to support his wife at the common home, and not under another's roof, unless his own improper conduct has forced her to seek shelter elsewhere, and if she abandons his home without cause her right to support from him ceases.

5. Husband and wife ⬉283(2)—Notwithstanding fault of both parties court may require husband to provide separate maintenance.

Where both husband and wife were substantially at fault in causing and prolonging their separation, but the evidence showed that the husband not only assisted her in leaving the domicile, but that he approved and consented to her departure and was an active party to the separation, it is within the province of the court to require the husband to provide for his wife's separate maintenance.

6. Husband and wife ⬉298(1, 2)—Husband's income only chargeable for separate maintenance.

The burden of providing separate maintenance is chargeable on the income of the husband only, and not on his tangible property.

7. Husband and wife ⬉297—Evidence held to warrant finding for separate maintenance.

Evidence of husband's wealth in farms, equipment, and farm produce held to warrant the register's finding of temporary alimony, notwithstanding the defendant operated his farm at a loss during the year preceding the hearing.

8. Husband and wife ⬉298(3)—$120 per year held not excessive alimony.

The sum of $120 per year was not excessive alimony, where the net value of the husband's property was in excess of $5,000.

9. Husband and wife ⬉299(3)—Decree for separate maintenance subject to change, as conditions may require.

Proceeding for separate maintenance, resulting in allowance to the wife, should always be left open and within the full control of the court, for any change therein which the cir-

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cumstances or the necessities of the situation may demand.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Bill for alimony by America Rearden against Judge Rearden. From a decree for complainant, respondent appeals. Modified and affirmed.

N. D. Denson & Sons, of Opelika, for appellant.

In cases of this kind, alimony is not a matter of right, and the statute providing for alimony pendente lite in cases of divorce does not apply. Brindley v. Brindley, 121 Ala. 431, 25 South. 751; Brady v. Brady, 144 Ala. 414, 39 South. 237. It is out of the income only that alimony may be allowed, and the burden of proof is on complainant to show the extent of income of respondent. Clisby v. Clisby, 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110; Brady v. Brady, supra; Murray v. Murray, 84 Ala. 363, 4 South. 239.

Chas. S. Moon, of La Fayette, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. The bill of complaint is filed for alimony, without divorce. It shows that the parties were married in 1901, and separated in 1919; the allegation of the original bill being that complainant "was forced by her husband to leave her home with him and take up her residence with others, and that she was without fault." To this was added, by amendment, the allegation that "said respondent abandoned complainant, hired an automobile of a negro and sent her away, and has contributed nothing to her maintenance or support since."

[1] In bills of this character it is not necessary for the wife to show such fault on the part of the husband as would support a bill by her for divorce. Spafford v. Spafford, 199 Ala. 300, 74 South. 354, L. R. A. 1917D, 773; Anonymous, 206 Ala. 295, 89 South. 462.

[2, 3] The bill, as amended, sufficiently shows that respondent caused complainant to leave his home and is not subject to demurrer in that respect. The allegation as to the financial status of respondent is that he "is well fixed financially, owning about $10,000 worth of real and personal property in Chambers county, Ala., consisting principally of farms, mules, cattle, hogs and farm produce." This is sufficient to require a reference to ascertain his probable income. Johnson v. Johnson, 190 Ala. 527, 529, 67 South. 400. If, as insisted, the bill contains some irrelevant allegations, this does not render it demurrable. The demurrer to the bill, as amended, was properly overruled.

[4] The duty of maintenance owed by the husband to the wife is not absolute. "He is bound to support her at the common home, and not under another's roof, unless his own improper conduct has forced her to seek shelter elsewhere. Hence if she abandons her home without cause, the right to support from her husband at once ceases." Brindley v. Brindley, 121 Ala. 429, 432, 25 South. 751, 752. Taking a reasonable view of all the testimony in this case our judgment is that complainant and defendant are both substantially at fault in the causation and perpetuation of the domestic discords which led up to their separation, and, if respondent had not himself consented to and procured her departure from his home, we would be unwilling to affirm her right to have out of his income a separate maintenance.

[5] But we are convinced from the testimony that respondent not only aided her to get away, but that he approved and consented to her departure, and was an active party to the separation. Under these circumstances it is within the province of the court to place upon respondent the burden of separate maintenance. We would hold otherwise if the evidence showed that respondent had not approved nor consented to the separation, and had held out to complainant the offer of maintenance in his own home under conditions which were tolerable to her.

[6] Under our decisions the duty of maintenance here sought to be enforced is laid upon the income of the husband only, and not upon his tangible property. Murray v. Murray, 84 Ala. 363, 365, 4 South. 239; Brady v. Brady, 144 Ala. 414, 418, 39 South. 237; Clisby v. Clisby, 160 Ala. 572, 575, 49 South. 445, 135 Am. St. Rep. 110; Johnson v. Johnson, 190 Ala. 527, 67 South. 400. Complainant is 56 years old, and respondent about 60. The register reports that respondent owns 200 acres of improved farm lands, worth $25 per acre; mules and wagons, worth $425; and farm produce worth $542—a total of about $6,000. Deducting indebtedness, his net wealth is about $5,300. His gross income from the farm lands for 1920 was $542, against operating expenses of $660—there being a net loss of $118 for that year. No other evidence was presented as to respondent's income.

The register further reports that complainant has $600 of her own, with a derivable income of $48, and that she has no other income. On the evidence before him the register concludes that respondent's income from his farm is $350 a year, and that, considering the condition of the parties, $120 a year would be a reasonable amount to allow complainant as permanent alimony. The court overruled respondent's exceptions to this report, and awarded to complainant $120 per annum, payable in monthly installments of $10.

The objections to this award are (1) that there was no evidence to support it; and (2) that in any case it is excessive and unduly and unjustly burdensome on respondent. It is certainly true that there was no specific evidence to support the register's finding that respondent's income from his farm is $350, other than the size, quality, and value of the farm, and its general equipment. His finding is evidently an inference that such a farm and equipment ought to yield, if industriously and properly managed, at least $350 in ordinary years. Its mere money value, put out at legal interest, would yield an income of $400, and this takes no account of the value of respondent's labor during the year.

[7] Fuller evidence would have been more satisfactory, but as the evidence stood we think the register's finding is based upon legitimate inferences, and is therefore sustainable. It is manifest that the disastrous results of respondent's farming operations in 1920 cannot be taken as a reliable index of his ordinary income from that pursuit; otherwise the duty of maintenance would be entirely abortive—a result not in harmony with equity, with sound policy, or with common sense. See, on this general subject, Andreas v. Andreas, 88 N. J. Eq. 130, 102 Atl. 259.

[8] All things considered, we are unable to say that the amount awarded—$120—is excessive. But in view of the fact that respondent's income is derivable entirely from the produce of his farm, and that it is realized only at the end of the crop season when crops are harvested and sold, we think that a monthly payment of $10 throughout the year, however convenient it might be to complainant, would likely be an oppressive burden on respondent, and an undue hindrance and embarrassment in the prosecution of his farming operations. The decree will therefore be modified, so as to require the payment of $120 on or before December 1st of each year.

[9] As said in Johnson v. Johnson, 195 Ala. 641, 71 South. 415, "cases of this character should always be left open and within full control of the court for any change therein which the circumstances or the necessities of the situation may demand." The allowance is not to be regarded as fixed or unchangeable in amount, but may in the future be increased or diminished as conditions may make proper, and justice may require. Clisby v. Clisby, 160 Ala. 572, 576, 49 South. 445, 135 Am. St. Rep. 110.

As modified, the decree of the circuit court will be affirmed with costs of appeal on the appellant.

Modified and affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.