### THOMAS v. THOMAS. (1 Div. 314.)

(Supreme Court of Alabama. June 24, 1924.)

**1. Husband and wife ⬦296 — Allegation of lawful marriage in bill for separate maintenance interpreted as meaning marriage to each other.**

Allegation of bill for separate maintenance that complainant and respondent were lawfully married, etc., interpreted as meaning marriage to each other.

**2. Husband and wife ⬦296—Cohabitation after marriage presumed, if necessary to sustain bill for separate maintenance.**

Cohabitation after marriage, if necessary to equity of bill for separate maintenance, will be presumed prima facie from fact of lawful marriage.

**3. Husband and wife ⬦296—Cohabitation after marriage implied from allegation of abandonment of bed and board.**

Cohabitation after marriage is necessarily implied from allegation that respondent, after about 20 years, voluntarily abandoned bed and board of complainant.

**4. Husband and wife ⬦4—Duty of future maintenance dependent on earning powers and probability of being able to earn support demanded.**

General duty of future maintenance is not dependent on husband's ownership of property nor entirely on current earnings, but rather on his ability to earn and probability of his being able to earn support demanded.

**5. Husband and wife ⬦297—Husband's ability or future ability to furnish maintenance presumed.**

It is presumed, in suit for separate maintenance, that husband is able or will be able to furnish maintenance or contribute thereto, until inability or disability is shown.

**6. Husband and wife ⬦298(3)—Allowance of fourth of husband's earnings for permanent maintenance of wife held not excessive.**

Allowance of $15 a month for permanent maintenance of wife, whose husband was earning about $60 a month, held not unreasonable or excessive.

**7. Husband and wife ⬦295—Allowances for maintenance pendente lite properly made by interlocutory orders.**

Allowances to wife for maintenance pendente lite are usually and properly made by interlocutory orders in advance of final decree, purpose being to assure support for wife during litigation.

**8. Husband and wife ⬦295—Husband held liable for maintenance for time between service of process and final decree only.**

Husband not served with notice until about 14 months after filing of suit, brought by wife for separate maintenance ten years after husband's abandonment of plaintiff, who supported herself in meantime without his aid, *held* liable for maintenance for period between service of process and final decree only.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Sarah Thomas against Dennis Thomas. Decree for complainant, and respondent appeals. Corrected and affirmed.

R. Percy Roach, of Mobile, for appellant.

The allegations of the bill are not explicit and definite as to marriage of the parties. 19 C. J. 107. A decree based on a bill without equity will be reversed, even though its allegations were taken as confessed. Jasper v. Eddins, 208 Ala. 431, 94 South. 516; Johnson v. Kelly, 80 Ala. 135. The bill should have shown the estate of respondent. Brady v. Brady, 144 Ala. 418, 39 South. 237; Clisby v. Clisby, 160 Ala. 575, 49 South. 445, 135 Am. St. Rep. 110; Lovett v. Lovett, 11 Ala. 763; Murray v. Murray, 84 Ala. 365, 4 South. 239. The amount awarded is excessive. Brady v. Brady, supra.

Brown & Kohn, of Mobile, for appellee.

It is not necessary that the bill allege the husband has a separate estate. The allegation of marriage was sufficient. Lovett v. Lovett, 11 Ala. 763; Lawrence v. Lawrence, 141 Ala. 356, 37 South. 379.

SOMERVILLE, J. This is a bill filed by a wife against her husband for separate maintenance.

In Tutwiler v. Tutwiler, 205 Ala. 283, 87 South. 852, we said:

"Suits of this nature are regarded as of a tripartite character, wherein the public occupies in effect the position of a third party, and the court is bound to act for the public in such cases, though of course the rights of the parties themselves must be fully respected. * * * We apprehend, therefore, that in cases of this character questions of mere legal niceties in regard to pleading should not interfere with the meritorious consideration of the cause. The bill should of course contain sufficient averment of facts on which the suit is founded to give due notice to respondent of what he is called upon to defend."

It is contended for appellant that the allegations of the bill of complaint are not sufficient to support the decree, even though taken as confessed.

The grounds specially urged in this behalf are (1) that it is not shown that com-

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plainant and respondent have ever been married to each other; nor (2) that they ever lived together as husband and wife; nor (3) that the respondent has any estate or earnings or earning capacity which would enable him to furnish the support demanded.

[1-5] We think, however, that the allegation that complainant and respondent "were lawfully married in Mobile county, Ala., on, to wit, October 1, 1891," must be understood as meaning that they were married to each other, and not to other persons. As to cohabitation after marriage, if that fact be conceded as necessary to the equity of the bill, it will be presumed prima facie from the fact of lawful marriage, and is, moreover, clearly and necessarily implied from the allegation that after the lapse of about 20 years respondent "voluntarily abandoned the bed, and board" of complainant. And, finally, as to the estate or earnings of the husband, it is to be observed that the general duty of future maintenance is not dependent on the husband's ownership of property, nor entirely upon the fact of current earnings; but rather upon his ability to earn, and the probability of his being able to earn the support demanded. Until inability or disability is shown, it is to be presumed that a respondent husband is able, or will be able, to furnish maintenance, or contribute something thereto. Inability or disability is defensive matter, and must be considered and dealt with according to the equity and justice of the case, as shown by the evidence. We think the allegations of the bill are sufficient, at least on decree pro confesso, to support the final decree for relief.

[6] It appears from the evidence taken before the register on reference that respondent is earning about $60 a month. The allowance of $15 a month for permanent maintenance for the wife, being about one-fourth of the husband's earnings, cannot be regarded as unreasonable or excessive.

[7] The chief complaint, however, of the decree below is that it awarded to complainant the sum of $285 for maintenance pendente lite—being $15 a month for 19 months, covering the period between the filing of the suit on November 30, 1921, and the rendition of the final decree on July 21, 1923. Such allowances are usually and properly made by interlocutory orders in advance of the final decree—the purpose being to assure a support for the wife during the period of the litigation. Here, it appears, no interlocutory order was made, and a lump sum was awarded in the final decree, on the basis of a monthly allowance of $15.

[8] It is at least doubtful whether a wife who has delayed bringing her suit for maintenance for a period of 10 years after her husband's abandonment of her (as here appears to be the case), and who has in the meantime supported herself without his aid, is entitled to maintenance pendente lite. Oram v. Oram, 77 N. J. Eq. 1, 75 Atl. 994; 30 Corp. Jur. 1085.

The record shows that respondent was not served with notice of the suit until February, 1923, about 14 months after the suit was filed. Until that time he had no warning of the claim to be made against him, and in view of the absence of any evidence tending to show that he has any property at all, or any means for the payment of such a sum other than his weekly earnings, we think it is inequitable to fasten upon him a liability for such maintenance except for the period between service of process and the final decree —5 months, approximately.

The decree will therefore be corrected so as to allow the sum of $75 instead of $285, for maintenance pendente lite, and as thus corrected the decree will be affirmed, and the costs of the appeal will be apportioned equally between the parties.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS, and BOULDIN, JJ., concur.