(111 So. 224)

### WORTHINGTON v. WORTHINGTON.
(6 Div. 748.)

(Supreme Court of Alabama. Jan. 13, 1927.)

**I. Divorce ☞309—Petition by divorced wife receiving fixed sum for care and maintenance of children and self, that husband pay additional sum for necessary operation on child, held to contain equity.**

Petition, setting up former divorce decree, which contained property settlement, and requesting that husband be required to pay additional sum for expense of operation on child, *held* to contain equity, child's custody, care, and maintenance having been placed in jurisdiction of equity court by divorce, operation being necessary and husband being amply able to respond to child's necessities, so demurrer to such petition on grounds of lack of equity was properly overruled.

**2. Divorce ☞309—Divorce decree for monthly sum for care of child held binding on child only as long as conditions under which entered prevailed.**

Where parents entered into written agreement for certain sum to be paid wife monthly for care and maintenance of herself and children, such agreement, being placed in divorce decree, *held* not binding upon child as far as future welfare, education, or health was concerned, being only final under condition of affairs at time when made.

**3. Parent and child ☞3(1)—Father is primarily liable for care and education of minor child according to his means.**

Father is primarily liable for support, maintenance, and education of his minor child in manner commensurate with his means.

**4. Divorce ☞309—Husband worth $100,000 paying $150 per month for support of divorced wife and children held liable for necessary operation on child.**

Husband worth over $100,000, paying divorced wife $150 a month for care and maintenance of herself and two children, *held* liable for additional expense of necessary operation on child.

**5. Divorce ☞312½—In suit to compel husband to pay for child's operation in addition to monthly support paid, $50 solicitor's fee to be paid by husband held reasonable.**

Where, upon refusal of husband to pay divorced wife sum for necessary operation on child in addition to regular monthly sum paid for maintenance of wife and two children, wife had to prosecute petition in her name for child to compel such payment, fixing of solicitor's fee at $50 to be paid by husband *held* reasonable.

**6. Divorce ☞312—Supreme Court held to have no jurisdiction over motion to compel husband to pay attorney's fees to divorced wife suing for operation to child (Const. 1901, § 140).**

Supreme Court *held* to have no jurisdiction over motion filed by divorced wife to require husband to pay into such court reasonable amount to enable wife to employ counsel to represent her in suit for expenses of necessary operation to child; jurisdiction of Supreme Court being appellate only within exceptions mentioned in Const. 1901, § 140, and such motion not being within exceptions mentioned therein.

**7. Courts ☞206(½)—Jurisdiction of Supreme Court is appellate except for original jurisdiction given by Constitution (Const. 1901, § 140).**

Jurisdiction of Supreme Court is revisory and appellate, having only original jurisdiction in cases stated in Const. 1901, § 140.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition in equity by Carrie L. Worthington against W. J. Worthington. From the decree respondent appeals. Affirmed.

W. T. Edwards, of Birmingham, for appellant.

The trial court reserved no control over the decree and was without jurisdiction to grant supplemental relief. Jones v. Jones, 131 Ala. 443, 31 So. 91; Jones v. Wilson, 54 Ala. 50; Morgan v. Morgan, 203 Ala. 516, 84 So. 754. The Supreme Court has no jurisdiction to award attorney's fees in that court. Constitution, § 140; Ex parte State (Ala. Sup.) 47 So. 742; Ex parte Town of Roanoke, 117 Ala. 547, 23 So. 524; Ex parte Giles, 133 Ala. 211, 32 So. 167.

M. B. Grace, of Birmingham, for appellee.

Equity has jurisdiction of a suit by the wife against the husband to require support of minor children. Leibold v. Leibold, 158 Ind. 60, 62 N. E. 627; Freeman v. McBroom, 11 Ala. 943; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754; Code 1923, § 7424; 29 Cyc. 1614; 15 C. J. 744. The agreement between the parents was not binding on the minor child. Gerdes v. Weiser, 54 Iowa, 591, 7 N. W. 42, 37 Am. Rep. 229; 29 Cyc. 1619. The duty is upon the father to furnish adequate

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

medical aid for his child.. Simoneau v. Pac. Elec. Co., 159 Cal. 494, 115 P. 320; Leach v. Williams, 30 Ind. App. 413, 66 N. E. 172; Lamson v. Varnum, 171 Mass. 237, 50 N. E. 615; Sassaman v. Wells, 178 Mich. 167, 144 N. W. 478; French v. Burlingame, 155 Mo. App. 548, 134 S. W. 1100. The Supreme Court has inherent power to enter an order requiring appellant to deposit a sufficient amount to enable appellee to defend the appeal.

MILLER, J. Carrie Long and W. J. Worthington were married on April 29, 1915. They lived together as husband and wife until September 19, 1919. As the fruits of this marriage two children were born—W. J. Worthington, Jr., who is now about nine years of age, and Mary Augusta Worthington, who is now about six years of age. Carrie L. Worthington obtained a decree of divorce from him on the 21st day of April, 1924, in the circuit court in equity of Jefferson county, Ala., on the ground of voluntary abandonment from bed and board by him for two years next preceding the filing of the bill. Prior to the decree, during the pendency of the cause, the complainant and respondent entered into a written agreement, signed by each of them, which was embodied in and made a part of the decree. That part of the agreement applicable to this cause reads as follows:

"It is further adjudged and decreed by the court that the respondent shall pay, and the complainant shall accept, the sum of one hundred fifty ($150.00) dollars per month in lieu of any and all alimony to which she may have a right under the laws of the state of Alabama, and the said one hundred fifty ($150.00) dollars shall be payable on the 1st day of each month, beginning on the 1st day of May, 1924, and continuing up to and including the day when the older of said children shall become 21 years of age, after which time said sum shall be reduced to one hundred ($100.00) dollars per month, which sum shall be paid monthly until the youngest child shall become 21 years of age; after said youngest child shall have reached the age of 21 years, said sum to be paid the complainant shall be fifty ($50.00) dollars per month, provided, in the event she shall not have remarried, in which event all payments shall cease. * * *

"It is further decreed by the court that no change of the social or economical conditions of either of the parties, or a change of the circumstances of either or both of the parties, or of the children, shall increase or diminish the amount herein decreed to be paid by the respondent in lieu of alimony and for the support of the herein named children, and such amount shall remain as herein fixed at one hundred fifty ($150.00) dollars per month during the life or minority of the said children."

The father is complying fully with the decree by paying to the mother the $150 per month.

In 1925 Mary Augusta, the daughter, developed a serious ailment, and the removal of her tonsils and adenoids was necessary. Her tonsils were diseased, and it was seriously affecting her health, and a surgical operation was necessary. The monthly allowance paid by her father was insufficient to support her and pay the necessary expenses for the operation. The mother informed the father of this condition of their daughter, her inability to pay the expense of the operation, and requested him to pay it, which he refused to do. So the mother, Carrie L. Worthington, filed a supplemental petition against W. J. Worthington, setting up and making a part thereof the foregoing decree of divorce, alleging the condition of their child, Mary Augusta, the necessity for the operation, her inability to pay it, the ability of the respondent to pay it, his refusal to do so, and requests and prays the court to require him to pay the reasonable and necessary expenses of it.

The respondent, the father, demurred to the petition on the grounds that there was no equity in the petition and that the decree appearing therein showed that no change in the social or economical conditions or circumstances of either of the parties or of the children shall increase or diminish the amount to be paid by him. This demurrer was by a decree of the court overruled. The respondent then filed a plea setting up the agreement of the parties and the decree declaring the amount to be paid by him for this child could not be increased or diminished by her social or economical condition, or her circumstances. The court by decree held this plea insufficient.

The respondent then filed an answer, denying some of the material averments of the petition; and on the pleading and proof and agreed statement of facts, the court decreed the petitioner was entitled to relief, held the amount paid by her for the necessary expenses of the operation, $210, was reasonable, and directed him to pay said sum into court; and, as it was necessary to employ counsel to prosecute this cause, the court found $50 would be reasonable compensation therefor, and directed the respondent to pay that amount into the court for him. The decree also taxed the respondent with the cost of this court. This appeal is prosecuted by the respondent, the father, and the foregoing decrees are the errors assigned and argued.

[1] The child's custody, control, care, and maintenance were by the divorce proceedings placed within the jurisdiction of this court of equity, and this child thereby became a ward of this equity court; and "any matter affecting a child may become a subject of chancery jurisdiction." Woodruff v. Conley, 50 Ala. 304. This matter presented by the petition affected the health and welfare of the child. She needed assistance, financial, from her father. He refused to give it, and was amply able to respond to his child's necessities. So we must hold there was equity in the petition, and the demurrer to it was properly

overruled. Woodruff v. Conley, 50 Ala. 304; Murphree v. Hanson, 197 Ala. 246, headnote 1, 72 So. 437; Pearce v. Pearce, 136 Ala. 188, 33 So. 883; McGough v. McGough, 136 Ala. 170, 33 So. 860; Hayes v. Hayes, 192 Ala. 280, 68 So. 351.

[2] This girl was an infant when her father and mother entered into the written agreement, which was placed in the decree of the divorce, affecting the amount for her support and maintenance. She is still a minor, about six years of age. This agreement between her parents as to the amount to be paid for her support and maintenance is not binding on her, and a court of equity will not permit a decree in pursuance of that agreement in divorce proceedings between her parents to jeopardize her future well-being, welfare, education or health. It will be considered final for the present rights of the parties, but not permanent for subsequent conditions and circumstances which might arise affecting the future health and welfare of the child. Pearce v. Pearce, 136 Ala. 188, 33 So. 883; McGough v McGough, 136 Ala. 170, 33 So. 860; Hayes v. Hayes, 192 Ala. 280, 68 So. 351. So the court did not err in finding the plea insufficient.

[3, 4] The father is primarily liable for the support, maintenance, and education of his minor child in a manner commensurate with his means. Englehardt v. Yung's Heirs, 76 Ala. 534; section 4479, Code of 1923; Ex parte Newsome, 212 Ala. 168, headnote 6, 102 So. 216; 10 Michie's Digest Ala. Reports, p. 726, "Parent and Child," § 2 (1). The petition, answer, and proof show the father is amply able to pay this expense of this operation. He is worth more than $100,000 and refused to have the operation performed and to pay the expenses of it. After this petition was filed and while pending, the operation became necessary for the health of the child; to delay it was calculated to seriously injure her health. So the mother, petitioner, borrowed money and paid the expenses of it, and the child was operated on by a surgeon. The proof showed the operation was necessary, and the reasonable and necessary expenses thereof amounted to $210. As to this there was no conflict in the agreed testimony. It was paid by the petitioner, and the court did not err in directing by decree that the respondent pay that sum into the court. Authorities, supra.

[5] The mother requested the father, before filing the petition, by letter, so she testified, and it was not denied by him, "to either arrange for the operation, that is, to have the child operated on and pay all the expenses, or send me the money to defray them. He refused to do either." The mother has no estate of her own and was unable to pay it. So it became necessary for the mother to employ counsel to file and prosecute this petition in her name for the child to compel the father to pay the expense of the operation. The court by decree fixed the solicitor's fee at $50 and directed the respondent to pay it. The amount is reasonable, and under the circumstances it was proper and necessary and should be paid by the respondent. Ex parte Eubank, 206 Ala. 8, 89 So. 656, and authorities, supra.

The decree is free from error and will be affirmed.

[6, 7] The petitioner in the lower court, appellee here, files a motion in this court to require the appellant to pay into this court a reasonable amount of money to enable the appellee to employ counsel to represent her in this cause, on this appeal, in this court. This motion must and will be refused, because the jurisdiction of this court is in general revisory, and appellate only, with exceptions named in the Constitution, and this motion does not come within any of the exceptions mentioned in the Constitution. Section 140 of the Constitution of 1901; State v. Flinn, Minor, 8; Johnston v. Atwood, 2 Stew. 225, and authorities cited under section 140.

The motion is refused; the decree is affirmed.

ANDERSON, C. J., and SAYRE, and GARDNER, JJ., concur.