(114 So. 185)

**BAILES v. BAILES. (7 Div. 755.)**

Supreme Court of Alabama. Oct. 13, 1927.

**I. Husband and wife ⟝283(2, 3), 285½— Courts of equity, on bill by wife for alimony without divorce, will grant relief independent of statute for nonsupport or cruelty.**

On bill by wife against husband for alimony without divorce, courts grant relief, independent of statute, on equitable principles, to enforce husband's duty to support wife when he fails to do so, or because of his cruelty compels wife to leave him.

**2. Husband and wife ⟝298(1, 2)—On granting wife alimony without divorce, court deals only with income.**

On bill by wife against husband for alimony without divorce, the court, in granting such relief, deals only with his income.

**3. Equity ⟝410(4)—Husband's exceptions to report of register on reference in bill by wife for alimony without divorce held not to meet requirements of statute and rule of practice (Code 1923, § 6598; rule 94, Chancery Practice).**

In bill by wife against husband for alimony without divorce, husband's exceptions to report of register on reference, because it affirmatively appeared that husband was without means to pay sum allowed, held not to meet requirements of Code 1923, § 6598, and rule 94, Chancery Practice (4 Code 1923, p. 936).

**4. Appeal and error ⟝1017—Equity ⟝409—Register's finding is accorded weight of jury's verdict, and will not be disturbed on review unless plainly and palpably wrong.**

Register's finding is accorded weight of verdict of jury, and will not be disturbed on review unless court is convinced that it is plainly and palpably wrong.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by Emma G. Bailes against H. C. Bailes. From the decree, respondent appeals. Affirmed.

Young & Longshore, of Anniston, for appellant.

Only the income of the husband is liable for the payment of maintenance and support of the wife. The decree is excessive and should be reversed. Murray v. Murray, 84 Ala. 363, 4 So. 239; Brady v. Brady, 144 Ala. 414, 39 So. 237; Clisby. v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am. St. Rep. 110; Johnson v. Johnson, 190 Ala. 527, 67 So. 400; Rearden v. Rearden, 210 Ala. 129, 97 So. 138.

Merrill & Field, of Anniston, for appellee.

The finding of the register, from oral examination of witnesses, has the effect of a jury verdict, and should not be disturbed, unless clearly and plainly wrong. Vaughan v. Smith, 69 Ala. 92; McQueen v. Whetstone, 127 Ala. 418, 30 So. 548; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Adalex Const. Co. v. Atkins, 214 Ala. 53, 106 So. 338.

BROWN, J. [1, 2] This bill is by the wife against the husband for alimony, without divorce. Courts of equity grant relief in such cases, independent of statute, on equitable principles, to enforce the duty of the husband to support and maintain the wife, when he is at fault and refuses to provide for her in the

home, or when, because of his misconduct or cruelty, she is compelled to leave him, and in granting such relief the court deals only with his income. Murray v. Murray, 84 Ala. 363, 4 So. 239; Brady v. Brady, 144 Ala. 414, 39 So. 237; Clisby v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am. St. Rep. 110; Rearden v. Rearden, 210 Ala. 129, 97 So. 138.

This appeal is from the decree of the court overruling respondent's exceptions to the report of the register on reference fixing the amount of the allowance to the wife; no complaint being made as to the final decree settling the equities between the parties.

[3] The exceptions filed by the respondent are thus stated:

"Now comes the respondent and excepts to the register's report and findings on the order of reference hereto ordered to be held in this cause, and for grounds thereof assigns the following: Because said report is unreasonable. Because it affirmatively appears that the respondent is without means to pay the sum allowed or recommended. Wherefore respondent prays that said report be rejected."

These exceptions do not meet the requirement of the statute and rule of practice governing such matters, and they were overruled without error. Code of 1923, § 6598; rule 94, Chancery Practice (Code of 1923, p. 936); Ex parte Cairns, 209 Ala. 358, 96 So. 246; Woodruff v. Smith, 127 Ala. 65, 28 So. 736.

Moreover, the testimony before the register was taken ore tenus, and was in sharp conflict as to the amount of the respondent's income. Some of this testimony tended to show that his net income was from $1,000 to $1,500 per year.

[4] The rule applicable is that the finding of the register is accorded the weight of the verdict of a jury, and will not be disturbed unless the court on a review of the evidence is convinced that it is plainly and palpably wrong. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Adalex Const. Co. v. Atkins et al., 214 Ala. 53, 106 So. 338.

We find no reversible errors in this record, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.