65 So.2d 196

**COWEN v. COWEN.**

4 Div. 722.

Supreme Court of Alabama.

April 2, 1953.

Rehearing Stricken May 28, 1953.

Prestwood & Prestwood, Andalusia, for appellee.

J. C. Fleming, Elba and Baldwin & Baldwin, Andalusia, for appellant.

LAWSON, Justice.

The appeal is from a decree of the circuit court of Covington County, in equity, wherein appellant is ordered to pay to appellee, his divorced wife, the sum of $50 a month for the support and maintenance of their eleven-year-old son and $150 as attorney's fee.

The trial court had directed the register to hold a reference in regard to the amount, if any, which should be paid complainant for these purposes and to report his findings to the court. The reference was duly held and the register reported his findings. Exceptions filed by respondent below, appellant here, to the register's report were overruled and the report confirmed. The final decree, thereafter rendered, in so far as it fixes the amount which appellant is ordered to pay appellee for maintenance and support of the minor son and for attorney's fees follows exactly the findings of the register.

In support of the decree appealed from appellee invokes the principle often stated that the report of the register on evidence given ore tenus before him has the weight of a verdict of a jury and will not be disturbed unless this court is convinced that the finding is palpably and

plainly wrong. Bailes v. Bailes, 216 Ala. 569, 114 So. 185; Patterson v. Lovelady, 233 Ala. 554, 172 So. 646; Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185.

There is no merit in appellant's complaint in regard to the amount which he is ordered to pay appellee as counsel fee. The fee allowed was for services rendered by the attorney in securing the divorce and the custody of the minor child, as well as support for the minor child. Allowance to the wife of attorney's fee in a case of this kind is discretionary and as to the amount allowed, the trial court merely awarded the sum which the parties agreed was a reasonable fee for the services of appellee's attorney should an attorney's fee be allowed.

We come now to consider whether the decree of the trial court should be reversed for ordering appellant to pay to appellee the sum of $50 per month for the support and maintenance of the minor son.

There is a general and continuous duty on the father to support and maintain his minor child. Chandler v. Whatley, 238 Ala. 206, 189 So. 751; Ingalls v. Ingalls, 256 Ala. 321, 54 So.2d 296. And this duty is not abrogated by the fact that the child's custody is awarded to the mother in a divorce proceeding wherein the bonds of matrimony theretofore existing between the father and mother are dissolved. See Scott v. Scott, 247 Ala. 598, 25 So.2d 673.

The father's duty to contribute to the maintenance of his minor child is not limited to income. He must support the child reasonably according to his means. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1, and cases cited.

The register found that the complainant, appellee, who was awarded the child's custody, was earning sufficient income from her work in a mill or factory to support herself and therefore recommended that she not be awarded alimony for her support and maintenance. Appellee's prayer for alimony was denied in the final decree. But the register also found that the income of appellee was not sufficient to maintain herself and the child.

Of course, a contrary finding would not have relieved appellant from his duty to contribute to the support and maintenance of his minor son.

As to appellant's means and ability to earn, the register found and reported among other things that appellant is a nervous wreck, is apparently a chronic alcoholic, and is unable to hold a steady job. He is not able to personally cultivate and tend to his farm. Certainly these findings do not indicate an ability on the part of appellant to pay the sum of $50 a month.

But the register further found "the evidence and bank records of the respondent do indicate that he has been fairly successful financially in renting the farm out on halves and in trading and dealing in livestock. The evidence does indicate that the respondent is still physically able to earn a reasonable income from trading in livestock if he should desire to do so."

It is obvious that it was on this finding that the register based his further finding that appellant should be required to pay the sum of $50 a month for the support and maintenance of his minor son.

The evidence before the register as it bore on the income received by appellant from the farm is substantially as follows: During the year 1950 and 1951 appellant was in possession of an 80-acre tract of land valued at approximately $5,000, upon which he and his family had lived from 1939 until October 30, 1950, when his wife and minor son had to leave because of appellant's drinking. The deed to this land was made to appellant and appellee jointly and in this suit appellee sought a decree declaring that she owned an undivided one-half interest therein. The register found and reported that she did own such an interest in the land and, although the trial court confirmed the report of the register in all respects, in the final decree the question of the interest which each of the parties has in the land was expressly left undetermined.

Aside from the fact that appellant may not be entitled to all of the rents and profits from the said tract of land, the evidence shows that in 1950 and 1951 when

appellant did receive all the income from the land, he received comparatively little net income. It is without dispute that in 1950 appellant's operation of the farm resulted in a loss. Likewise it is uncontroverted that in 1951 when he rented out the entire farm except for a garden, he cleared not more than $800.

In 1951, according to his statement, which is not controverted by direct evidence, appellant earned nothing from the sale of livestock and in 1950 his income from that source did not exceed $200.

The register in his report referred to certain bank records of appellant. There is no reason to refer at length to but one of these records, that showing the account of appellant in the First National Bank of Opp, as the money deposited in the other bank was immediately transferred to the bank at Opp and such transfer is reflected in the records of the last mentioned bank.

On March 15, 1950, appellant had to his credit in the First National Bank of Opp the sum of $258.80 and on December 26, 1951, the date last shown on the record, he had a balance of $352.40. Between those two dates, a period of approximately twenty-one and one-half months, appellant deposited to his credit the sum of $3,206.83. But this figure, of course, does not represent net income during that period of time. It does not reflect costs of livestock bought for resale, taxes, costs of fertilizer, seed, and the like. Appellant was farming on "halves" and furnished seed and fertilizer to the tenants who actually cultivated the farm.

There is evidence going to show that appellant during the year 1950 and 1951 drew checks frequently on an account in the First National Bank of Opp, which account was in the name of his father, F. D. Cowen. According to appellant, this practice was with his father's consent and the money so used belonged to his father and he was indebted to his father for the amount withdrawn. There is no evidence going to show the extent of that account or any positive evidence that the appellant was merely carrying that account in

his father's name for the purpose of evading his responsibility toward his wife and son and other obligations.

The evidence tends to show that appellant is altogether callous to the needs of his family. Apparently he has been content for a long period of time to let his wife bear a major part of the responsibility of maintaining the home and caring for the children. From her earnings in the mill or factory, appellee has contributed greatly to the education and personal needs of the children. Now that appellee and the minor son have been forced to leave the family home because of appellant's reprehensible conduct, he should feel called upon to exert himself to the limit of his ability, physical and otherwise, to the end that he may fulfill to some degree his duty and obligation as a father.

■ Appellant's physical condition and his experience in buying and selling livestock may be such that he could earn income sufficient to justify the award made for the support and maintenance of his minor son. But we do not think the evidence as it bears on his net income for the past several years is sufficient to justify such an award, and the courts cannot make appellant work.

After allowing all presumptions in favor of the findings of the register, we cannot concur in his report that appellant has means sufficient to pay the sum of $50 per month for the support and maintenance of the minor child.

The provision of the decree ordering appellant to pay the sum of $50 per month for the support and maintenance of the minor son is reversed and the cause in that respect remanded, with directions to allow the taking of further proof. Rogers v. Rogers, 215 Ala. 259, 110 So. 140.

The provision of the decree awarding counsel fee is affirmed.

Affirmed in part, and in part reversed and remanded.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

BROWN, J., dissents.