240 So.2d 601

Charles A. HARDY

v.

Willa Cutchen HARDY.

4 Div. 23.

Court of Civil Appeals of Alabama.

Oct. 21, 1970.

Farmer & Farmer, Dothan, for appellant.

C. R. Lewis, Dothan, for appellee.

**254**

THAGARD, Presiding Judge.

From a decree of the Houston County Court of Houston County, Alabama, granting a divorce from bed and board to complainant, appellee here, her husband prosecutes this appeal.

In addition to the divorce from bed and board the decree awarded to the wife the custody of the four minor children of the parties, an allowance of $300 per month against the husband for the maintenance of herself and minor children, and the use and benefit for herself and minor children of a Chevrolet automobile; and it ordered the respondent to deliver to complainant, as additional support and maintenance for herself and minor children, the peaceable possession of the dwelling-store combination in which the family had resided prior to the separation, "together with all fixtures, furnishings, stock of goods and inventory, equipment and personal property situated therein or thereon for the full and exclusive use, benefit, and enjoyment of the Plaintiff and said children * * *; and that such delivery of said property to the Plaintiff shall in no way be deemed or construed to be alimony to the Plaintiff or a property settlement or property division between the Plaintiff and the Defendant in this cause."

The testimony was taken orally before the court. The respondent offered no rebuttal testimony and, though present in court, elected not to testify, but there was a stipulation as to what he would have testified as to his property holdings and income. Appellant's counsel with commendable candor concede that the court was justified in granting the divorce from bed and board to the wife. The court in its decree assigned adultery and cruelty as grounds for the divorce.

There were five numbered assignments of error but in essence they were three, viz: (1) The award for alimony and maintenance was excessive; (2) The award of the possession and use of the home and store building and stock of merchandise and household goods, and the automobile, and the requirement that the respondent continue to pay the premiums on hospital insurance and on a $25,000 life insurance policy was not only excessive but illegal as being in the nature of a property division; and (3) The award of $1,600 as attorney's fee for Plaintiff's attorney was excessive.

The parties were married on May 3, 1947, and lived together until August 31, 1969, at which time the wife and four minor children moved out because of serious misconduct on the part of the husband. Five children, the eldest of whom had married and moved out before the separation of the parents occurred, were born of the marriage.

Apparently, the husband owned a country store at the time of his marriage. After

the marriage the wife worked in and for the most part managed the store continuously, except for taking time out to give birth to five babies, while the husband farmed, traded in livestock and land, and did custom work for other farmers. The couple prospered, so that at the time of the separation the husband had an admitted net worth of $76,603, and there were tendencies of the evidence indicating that his valuations were low.

The family had a better than average living standard for a farm family. Their dwelling, which was attached to the store, consisted of three bedrooms, two baths, living room, dining room, breakfast room, and a completely modern kitchen. There were wall to wall carpets throughout. There were central heating and air conditioning.

When the wife and four children moved out of the family home they moved into a rented one-bedroom, one-bathroom, mobile home for which the wife paid $90 per month, and that is where they were living when the testimony was taken.

As hereinabove mentioned, the misconduct of the husband was of a serious nature. There was much circumstantial evidence of his having had an adulterous relationship with another woman during the last year or so before the separation, and that after the separation his paramour frequently slept-in with him in the home that had been vacated by his wife and children. There was undisputed evidence of brutal attacks upon the person of his wife and of threats to kill her or have her killed. His treatment of his family during the last year or two before the separation, as disclosed by the undisputed testimony, was most reprehensible.

Appellant argues vigorously that the allowance for the maintenance of the wife and four minor children is excessive, saying that separate maintenance must come from the income of the husband and not from the corpus of his estate, and citing Caine v. Caine, 262 Ala. 454, 79 So.2d 546; Clisby v. Clisby, 160 Ala. 572, 49

So. 445; Rearden v. Rearden, 210 Ala. 129, 97 So. 138 and Bailes v. Bailes, 216 Ala. 569, 114 So. 185. According to appellant's brief, his income tax return for 1968 showed a net income of less than $700 and his 1969 return showed a net income of slightly more than $10,000. We read the copy of his 1969 return in the transcript to show a loss of more than $10,000. However, there is some evidence of unreported income and the testimony of the wife was that the family lived out of the store and its cash register and, as far as she knew, no record was made or kept of the withdrawals. Furthermore, the returns reflected rather large depreciation allowances that did not in the years in question reflect cash disbursements. We do not regard the income tax returns as very reliable indicators of the husband's true income. However, the state of the evidence as to appellant's income is so unsatisfactory that we are inclined to go along with appellant's request that the amount of the monthly alimony for the maintenance of the wife and children should be reduced to $200 per month, unless the appellee wishes to offer additional evidence in the court below of appellant's income. In so doing, we take into account that, whatever may have been appellant's income in the past, a part of that income was derived from the operation of the store, and that source of income was passed by the decree of the court to the wife and children.

The next assignment of error argued by appellant was that the award of the possession of the dwelling-store combination and the fixtures and stock of merchandise, and likewise the possession of the automobile to the wife for the use and benefit of herself and the minor children constituted an illegal division of the estate of appellant. First of all, we point out that the court divested no part of the title to the real or personal property from the husband but only the use and possession. We think that under the terms and language of the decree these items of real and personal property are still a part of appellant's estate, and that the wife holds them as trustee for the family until there is some material

change in the circumstances of the parties. This husband and wife, through their joint efforts, had provided a decent standard of living and a comfortable place for the children to live. We think the trial court would have been remiss in its duty had it allowed the appellant to continue to live with his paramour in this modern, comfortable home, while his lawful wife and minor children live in a one-bedroom trailer home.

As to the award of the possession of the store, fixtures, and stock of merchandise, we agree with appellee that the trial court exercised much wisdom in making this award. As we have already said, the wife worked in and for the most part managed the store during the twenty-one years of their living together. She has no other gainful occupation. She has demonstrated that she can operate the store successfully. Because of the husband's drinking habits and turbulent disposition it would have been unwise to give the use of the dwelling to the wife and children and leave the store in the possession of the husband. Furthermore, as we said above, the husband has not been deprived of any part of the title but only of the use and possession.

The evidence disclosed that the husband has several trucks, one or more of which are pickups. Up to the time of the separation the wife and children had the use of the automobile. They live in the country. The wife will undoubtedly have errands to run in connection with the operation of the store. There will be times when the wife and children will have to visit the doctor or dentist. There will be school affairs that the children should attend. We do not think the court erred in awarding the use of the family automobile to the family.

Furthermore, the rule with reference to child support seems to be different from that pertaining to the award of alimony to the wife in a from-bed-and-board divorce. In Cowen v. Cowen, 259 Ala. 37, 39, 65 So. 2d 196, 197, our Supreme Court said:

"The father's duty to contribute to the maintenance of his minor child is not limited to income. He must support the child reasonably according to his means. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1, and cases cited."

In Waldrop v. Waldrop, 222 Ala. 625, 627, 134 So. 1, 2, 3, the court said:

"But it is also firmly fixed in our law that actual temporary income is not the sole basis of such award. Available income from property holdings and earning capacity are factors now fully recognized. Johnson v. Johnson, 195 Ala. 641, 71 So. 415; Ex parte Whitehead, 179 Ala. 652, 60 So. 924; Thomas v. Thomas, 211 Ala. 504, 100 So. 766; Epps v. Epps, 218 Ala. 667, 120 So. 150; Rearden v. Rearden, 210 Ala. 129, 97 So. 138.

\*      \*      \*      \*      \*      \*

"The maintenance of these children is a prime consideration. The high duty of the father to maintain them persists. An award or an increased allowance to the mother to aid in their support is a well-recognized and proper practice. No legal requirement of a guardian is recognized. The duty of a father to contribute to the maintenance of his children is not limited to his income. He must support his children reasonably according to his means. Worthington v. Worthington, 215 Ala. 447, 111 So. 224; Higginbotham v. State, 20 Ala.App. 476, 103 So. 71; Rogers v. Rogers, 215 Ala. 259, 110 So. 140; Ex parte Allan, [220 Ala. 482, 125 So. 612] supra."

Again, in Worthington v. Worthington, 215 Ala. 447, 449, 111 So. 224, 226, the court said:

"The father is primarily liable for the support, maintenance, and education of his minor child in a manner commensurate with his means. (Citations omitted) \* \* \*."

The duty of the court to make provision for the maintenance and education of minor children is evident and its powers are broad. We hold that the trial court did not abuse its discretion or exceed

its powers in providing to the mother for the comfort and maintenance of the children the use of the home and store and automobile.

■ We think the court also had the long range security of the children in mind in requiring that the husband maintain the life insurance already in force on his life, with no change of beneficiary, and that he continue to carry the hospital and medical insurance now in force on his wife and children, and that this requirement was not an abuse of discretion on the part of the trial court.

It is highly improbable that there will be a reconciliation. The trial court may reasonably expect that after two years the husband will come seeking a divorce from the bonds of matrimony, to which he will be entitled, and after the granting of which he will be free to remarry. If that comes to pass it is unlikely that he will make provision in his will for the children of his first marriage. His present wife will be struggling for a long time to support and educate his children, one of whom is now about five years old. We think it was to provide against that eventuality that the requirement as to the life insurance was included in the decree. And the provision as to the hospital and medical insurance is nothing more than a part of the maintenance of the wife and children.

■ Finally, appellant insists that the court erred in awarding appellee a solicitor's fee of $1,600, and suggests that $1,000 would be more reasonable. Mr. McInish, a practicing attorney at the Dothan bar, fixed the value of the services of appellee's attorney at $1,500 and Mr. Lewis, appellee's attorney, testified likewise. There was no evidence to the contrary. We think the trial court should have allowed $1,500 instead of $1,600, but instead of reversing the court on that issue we will let it stand in lieu of an additional allowance for services rendered on the appeal.

Unless one or both of the parties wishes to re-try the issue of the monthly allowance

the trial court will amend its decree reducing the amount of the monthly allowance to $200. The other provisions of the decree appealed from are affirmed.

Affirmed in part and reversed and remanded in part with directions.