BRADLEY, Judge.
This is a divorce case.
Ormond Grimes, Jr. and Edith Grimes were married on November 4, 1972 in Atlanta, Georgia. The parties have one child, Justin, who is now four years old. In April 1981 the husband filed for divorce on the ground of irretrievable breakdown of the marriage. The wife counter-claimed for divorce on the same ground and also on the ground of adultery.
The evidence adduced at trial showed that the husband is an orthodontist in Gadsden, Alabama. His income is approximately $80,000 a year. The wife does not work but was an elementary school teacher prior to the marriage.
Three parcels of real estate were owned either jointly or by the husband. Three other parcels were held by Goliard, Inc. of which the husband was a stockholder. A court-appointed appraiser appraised the six parcels of property at a total value of $195,-000. The parties’ marital home was valued at $65,000, making the value of the other property $130,000. Several of the parcels were encumbered by mortgages. The wife owns no separate real estate.
The husband also has a Keough retirement plan and owns stock with a $7,000 approximate value. The only other items involved are the parties’ household furnishings, jewelry, and personal items.
The husband admitted at trial that he had engaged in at least three adulterous relationships. The wife knew of these relationships but did not file for divorce. It appears that the husband filed for divorce because he wanted to marry another woman.
*1319 The trial court entered its final decree of divorce on November 6, 1981. The wife was granted custody of the parties’ child with the husband being given substantial visitation rights. The husband was ordered to pay the wife $300 a month as child support. Further, he was ordered to make the child beneficiary of life insurance in the face amount of $125,000. The wife was given possession of the marital home until such time as she should remarry or the child attains majority age. At that time the home is to be sold and the proceeds divided. The wife was awarded $157,000 as alimony in gross to be payable at the rate of $1,750 a month for twenty-four months, $1,500 a month for thirty-six months, and $1,000 a month for sixty-one months. The husband was ordered to pay the wife’s attorney $9,500 as attorney’s fees.
The husband was awarded title to all of the other real property and stocks. He also assumed all debts, including the mortgage on the marital home. After a motion for new trial was denied, the husband appealed to this court.
The husband raises four issues in this appeal. The first issue is whether the trial court abused its discretion in the award of alimony in gross and child support. The second issue is whether the trial court has imposed cruel and unusual punishment on the husband by requiring him to make his son beneficiary of $125,000 worth of life insurance. The third issue is whether the trial court erred in its award of attorney’s fees to the wife's attorney. The final issue raised is whether the trial court erred in the admission of opinion testimony by lay witnesses as to the amount of alimony needed by the wife and whether this testimony was based on inadmissible hearsay evidence. We find no error and affirm the judgment.
As to the husband’s first issue concerning the amount of alimony in gross, we state the general rule that such awards are within the sound discretion of the trial court and will not be reversed on appeal absent a showing of an abuse of that discretion. Dennis v. Dennis, 383 So.2d 187 (Ala.Civ.App.1980). In determining the size of an award of alimony in gross, the trial court may consider the following factors: parties’ future prospects, parties’ standard of living, their ages and health, length of the marriage, sources of their property, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Anders v. Anders, 367 So.2d 481 (Ala.Civ.App.1979).
The husband earns $80,000 a year, and the testimony indicates that he works only three days a week. He owns a substantial amount of real property even though it is heavily encumbered. The parties belonged to the country club, took nice vacations, and lived in a very good style.
The wife has a degree in education although she would need further course work to gain certification in Alabama. The testimony indicated also that she would have to obtain a master’s degree to have any chance of obtaining a teaching job at the present time. The wife stated that she does not want to work because she feels that she should be home with her child.
The husband admitted to engaging in adulterous affairs although he states that these were caused by the wife’s refusal to engage in sexual relations with him. There is no evidence of any marital misconduct on the part of the wife.
The trial court considered all of these matters and awarded the wife $157,000 as alimony in gross. The husband argues that this award is unwarranted due to his present income and the fact that the wife is unwilling to work. We, however, can find no error.
The husband has an extremely high earning capacity. Although most of his property is indebted, the appraisals show that the property has appreciated in value. The wife also has the ability to make a living. She, however, will have to go back to school to be able to obtain a teaching job.
Based on all these facts, including the husband’s misconduct, the trial court concluded that the husband did have the financial ability to make the payments to the wife as ordered. We believe the evidence supports such conclusion.
*1320 In his second issue on appeal the husband argues that the court has imposed cruel and unusual punishment on him by requiring him to make his son beneficiary of $125,000 worth of life insurance. He states this is so because he is now afraid that the wife will cause him to be killed so that the child can collect the insurance proceeds. We find that the trial court committed no error in ordering the appellant to maintain life insurance with the child as beneficiary. The trial court’s order was made with the child’s long-range security in mind. Such an order protecting the child is within the court’s power. Hardy v. Hardy, 46 Ala.App. 253, 240 So.2d 601 (1970).
The husband contends also that the trial court erred by awarding the wife’s attorney $9,500. The wife presented evidence that a reasonable attorney’s fee for the case would be $15,000. The husband presented testimony that the attorney’s fee should be only $5,000.
The award of attorney’s fees in a divorce case is within the sound discretion of the trial court. Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980). The trial court awarded an amount of attorney’s fees which is certainly reasonable in light of the testimony presented by the wife’s witness. Based on the record in this case, we can find no error.
Finally, the husband argues that the trial court erred by admitting opinion testimony by a witness for the wife as to the amount of alimony and child support needed for the wife to maintain her accustomed standard of living. The major thrust of the husband’s argument is that this testimony was not based on the witness’s opinion and knowledge but was based on what the wife told her. He argues that such testimony is inadmissible hearsay evidence.
Our review of the record reveals that the witness for the wife stated that her testimony was based on her own personal knowledge and observations, and not on anything which she had been told by the wife. Therefore this testimony was not inadmissible hearsay evidence.
Opinion testimony of nonexpert witnesses is limited to such opinions or inferences that a trial court finds may be based on the perception of the witness. Leo v. Leo, 280 Ala. 9, 189 So.2d 558 (1966). In the present case the trial court could have found that the testimony of the wife’s witness was based on her perception and knowledge of the parties and the cost of living in the style to which the parties were accustomed. We would note also that the trial court permitted the husband to present opinion testimony as to the needs of the wife. We find no basis for the husband’s argument that this was mere hearsay.
The judgment is affirmed.
The wife has requested attorney’s fee on appeal. We grant her request and award $750 as attorney’s fees.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., recuses himself.