ROBERTSON, Presiding Judge.
In March of 1991, the Circuit Court of Colbert County divorced Howard Pace and Margaret Pace. The parties were married on July 20, 1990, and then separated in January of 1991. No children were born of the marriage.
At the time the parties were married, the husband owned a home, a smaller house behind his home, and a commercial building. None of the properties was mortgaged. The husband attached a value of $45,000 to the home, $25,000 to the smaller house, and $40,000 to the commercial building. From the commercial building, the husband received $350 per month in rental income, and from the smaller house he received $325 per month in rental income. The husband also owned three cars and owed nothing on any of the three.
Other than the aforementioned rental income, the husband received $237 per month from his former employer, who also reimbursed him for the cost of his insurance, and $666 per month in social security.
The wife, who is 22 years younger than the husband, was working for JC Ham and Sons, making $10.13 per hour when the parties married. She also had two children by a prior marriage and was receiving $100 per week in child support. The record also reflects that the wife had a home when the parties married, but that it was not paid for, and that she had an IRA in the amount of $3,000. The wife also owned an automobile, on which she owed approximately $1,300 and which she sold about a month after the parties married for $7,500. After selling her car, the wife began driving one of the husband’s cars.
The husband testified that the wife worked full-time for about two weeks after the parties married, and then that she worked part-time for approximately four more weeks after that. The husband also testified that the wife got another job right before the parties separated and that the wife told him she was making $10 an hour again.
When the parties married, the wife moved in with the husband, and she brought some furniture from her home with her. However, the husband’s house was already fully furnished when the wife moved in with him. The husband testified that they did not accumulate any furniture or household items during the marriage. While the husband and wife were living together, the wife rented her house to one of the husband’s sons for $325 per month.
Shortly before the parties married, the husband testified that he gave the wife about $2,500 so that she could pay some of her bills. After they married, the husband testified that he opened an account with the wife. The husband supplied the funds for that account and its balance, when opened, was $12,697.
The husband testified that on one occasion he and the wife argued for several days about money matters, after which the wife told the husband she was moving out of their home. Shortly after that, the husband discovered that the wife had withdrawn $10,000 from the parties’ bank account.
Following a hearing on the husband’s petition for divorce, at which evidence was presented ore tenus, the trial court divorced the parties and ordered that of the $10,000 withdrawn by the wife from the checking account, she was to receive $1,315 and he was to receive $7,500.67. The court also ordered that each party was to receive the vehicle currently in his or her possession, that each party was to own all of the real estate that he or she owned prior to the marriage, and that the wife was responsible for the indebtedness on her real estate. The court then made an award of some personalty to each of the parties.
The trial court subsequently amended its decree on two different occasions so as to reflect the fact that the balance of the $10,000 withdrawn by the wife was $8,815.67 at the time of the hearing. (The husband had secured a temporary restraining order to prevent the wife from spending any of the $10,000, but the wife apparently spent $1,184.33.) The court then divided the $8,815.67 between the parties.
The trial court explained that it found “from the evidence that the wife was enti- *224 tied to the difference in the market value of her car that she owned at the time of the marriage less the indebtedness owed on said car and the car that she received from her husband during the marriage.” The trial court also explained that it found from the evidence that the wife was entitled to the value of her lawnmower. According to the court, this resulted in a total monetary award to the wife of $1,315, which does not include the $1,184.33 that the wife had already spent of the $10,000. The court then ordered that the husband receive the remainder, or $7,500.67.
The wife appeals, asserting that the property division is inequitable.
The division of marital property in a divorce action is a matter committed to the sound discretion of the trial court. Kirk v. Kirk, 371 So.2d 54 (Ala.Civ.App.1979). Further, the trial court’s decision, following the presentation of ore tenus evidence, is presumed correct, and this court will not reverse that decision absent an abuse of discretion. Thomas v. Thomas, 394 So.2d 372 (Ala.Civ.App.1980).
Although some dispute exists concerning whether the husband told the wife that she would not have to work after they married, but that instead she could just shop and spend time with her children and mother, we can find no abuse of discretion by the trial court in its awards of property to the parties. The husband clearly" owned more real estate than the wife at the time they married and contributed more money to the marriage. Further, the marriage was very brief; the wife is considerably younger than the husband, and she has already demonstrated an ability to secure employment. Among those factors which the trial court can consider when fashioning an award of property are the parties’ respective ages, the length of their marriage, and their future prospects. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985). Further, property divisions in a divorce case do not have to be equal, only equitable. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987).
We hold that the trial court's award in this case is equitable and, consequently, is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.