Robert Earl Whitten, Sheila Whitten, and Glenda Whitten Lisenby appeal from a judgment awarding Jeffrey Lee Whitten the proceeds of an insurance policy on the life of his father, William R. Whitten, in an interpleader action filed by Liberty National Life Insurance Company ("Liberty National"). We reverse.
On September 8, 1986, William and Zola Ann Whitten were divorced.[1] At the time of the divorce, the couple had four children, only one of which, Jeffrey, was a minor. The order contained the following pertinent provisions:
 "5. That the care, custody and control of the minor child of the parties, Jeffrey Lee Whitten, is hereby awarded to [Zola Whitten].
 "6. That [William Whitten] shall pay, as child support to [Zola Whitten], the sum of Two Hundred Fifty ($250.00) Dollars per month until the . . . aforesaid minor child shall reach the age of majority.
 "7. As additional child support, [William Whitten] shall obtain and maintain adequate medical insurance coverage for his aforesaid children [sic] at his expense and . . . shall further be responsible for paying all medical, dental, ocular, and drug expenses incurred by his said child which shall not be covered by such insurance.
 "8. That [William Whitten] shall keep in full force and effect all life insurance on his life with the parties' minor child as the irrevocable beneficiaries [sic] of such insurance."
On August 3, 1987, pursuant to the order, William Whitten amended his existing whole life insurance policy with Liberty National to designate Jeffrey Lee Whitten as the beneficiary.
For four years following the divorce, William Whitten resided with his brother Robert and Robert's wife, Sheila. During that time, he was suffering from cancer and required frequent hospitalization.[2] Robert and Sheila Whitten allegedly paid the premiums on William Whitten's life insurance policy during the period he resided with them, in addition to providing his food, clothing, and transportation. The appellants allege that Robert and Sheila Whitten moved to Missouri to be with William Whitten *Page 185 
while he underwent a two-year treatment program in a Missouri cancer center.
On May 8, 1989, William Whitten amended the insurance policy to designate as beneficiaries Robert Whitten, Sheila Whitten, and Glenda Whitten Lisenby, his sister. At that time, he also transferred ownership of the policy to Robert Whitten. On June 21, 1990, Jeffrey Whitten attained the age of majority.
William Whitten died on September 11, 1990. The policy's designated beneficiaries assigned to Byrd Funeral Home, Inc. ("Byrd"), the right to $4,682.75 from the proceeds of the policy as payment for funeral expenses.
On October 2, 1990, Jeffrey Whitten sued Liberty National for the proceeds of the policy. On November 13, 1990, Liberty National filed an interpleader action against Jeffrey Whitten, Robert and Sheila Whitten, Glenda Whitten Lisenby, and Byrd, conceding liability on the policy and paying $34,967.22, the amount of the disputed proceeds, to the clerk of the circuit court. It also sought attorney fees and an injunction against prosecution of any other actions by the claimants, including the one begun by Jeffrey Whitten.
The trial court, on November 20, 1990, enjoined further prosecution of Jeffrey Whitten's action against Liberty National and, on February 10, 1991, it awarded Liberty National $3,509.40 from the proceeds of the policy in attorney fees.[3] On February 27, 1991, the trial court, holding "that the purported change in ownership of the life insurance policy and [the] ensuing change in beneficiary should not be given effect," awarded the remainder of the proceeds to Jeffrey Whitten. The dispositive issue on appeal is whether, under these facts, the trial court had the authority to award the proceeds of the policy to Jeffrey Whitten. We hold that it did not.
A trial court has, as a general rule, "no continuing equitable jurisdiction over the issues or parties to a divorce," in the absence of an express agreement by the parties, "to require that a non-custodial parent provide support of any kind to any child that [has] reached the legislatively prescribed age of majority." Ex parte Bayliss,550 So.2d 986, 991 (Ala. 1989). This Court has recognized exceptions to the general rule in two instances. The first instance in which a court may order child support from a noncustodial parent beyond the age of majority is one in which the child is, at the time of majority, physically or mentally incapable of self-support. Ex parte Brewington, 445 So.2d 294
(Ala. 1983). Under the second exception, a trial court may order a noncustodial parent to provide educational support beyond minority where application for such support is made before the minor reaches majority. Ex parte Barnard,581 So.2d 489 (Ala. 1991); Ex parte Bayliss, 550 So.2d 986, 991 (Ala. 1989).
Jeffrey Whitten makes no claim for postminority support under the education exception, and the record contains no evidence of physical or mental infirmity so as to trigger the exception under Ex parte Brewington and its progeny. Jeffrey Whitten contends that the order requiring William Whitten to designate his "minor child as the irrevocable beneficiary" of the life insurance policy created an indefeasible, equitable interest in the proceeds of the policy. For that proposition, he citesWilliams v. Williams, 276 Ala. 43, 158 So.2d 901 (1963). The appellee's reliance on Williams, however, is misplaced.
In Williams, a divorce decree incorporated the terms of an agreement for the disposition of the parties' marital assets. The agreement required the noncustodial parent to designate his two minor children as irrevocable beneficiaries of a policy on his life. In violation of the decree, the insured designated another as beneficiary. This Court affirmed the judgment of the trial court, which, holding that "[t]he minor children . . . became vested with an equitable interest in [the] policy . . . superior to that of the substituted beneficiary," awarded the proceeds of the policy to the children. Williams,276 Ala. at 46, 158 So.2d at 902. *Page 186 
Williams is distinguishable from the case sub judice for two reasons. In that case, the insured attempted to defeat the operation of a divorce decree that incorporated a voluntary agreement regulating the division of marital assets. Court orders disposing of marital assets are not modifiable by the unilateral action of one party or by the parties' bilateral agreement. Holland v. Holland, 406 So.2d 877 (Ala. 1981); Exparte Kirkley, 418 So.2d 118 (Ala. 1982). Because the divorce in the instant case was awarded on the default of William Whitten, there was no agreement between the parties as to the disposition of the marital assets. There is no evidence that the provision in the order requiring William Whitten to designate his minor child as beneficiary of his life insurance policy, in addition to the provisions regarding mandatory monthly $250 payments; the providing of medical, dental, and drug expenses; and the maintenance of medical insurance coverage, contemplated a division of marital assets as opposed to child support.[4]
Even more significantly, unlike the appellee in this case, the children in Williams had not reached the age of majority at the time of the death of their father. The state, as parenspatriae, possesses an interest sufficient to provide the court with continuing equitable jurisdiction over minor children for whose welfare the judicial machinery has been invoked. SeeR.J.D. v. The Vaughan Clinic, P.C., 572 So.2d 1225, 1230 (Ala. 1990) (Adams, J., dissenting). McKinnis v. McKinnis,564 So.2d 451 (Ala.Civ.App. 1990), another case cited by the appellee, is also inapposite because the beneficiary of the policy was the former spouse and there was no question of minority.
Jeffrey Whitten further contends, in effect, that because the change in beneficiaries on May 8, 1989, violated the court order and predated his emancipation, the purported change in the policy was a nullity. We disagree. Because the trial court's equitable jurisdiction over the proceeds of the policy terminated on June 21, 1990, the date Jeffrey Whitten attained the age of majority, William Whitten was free, thereafter, to make any disposition of his policy that he deemed proper. Under equitable principles, a different result should not obtain simply because the change in beneficiaries preceded the date of the child's majority.
We conclude that the provision of the order directing William Whitten to designate his only minor child as the beneficiary of his life insurance policy constituted child support and that the trial court's award of the proceeds to Jeffrey Whitten after he had attained the age of majority in effect amounted to an award of postminority support. Because the trial court was without authority to order postminority support under these facts, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and STEAGALL and INGRAM, JJ., concur.
ALMON, J., concurs in the result.
[1] The appellants allege, and Jeffrey Whitten does not deny, that the judgment of divorce was entered on the default of William Whitten.
[2] William Whitten first learned of the malignancy in 1980 or 1981.
[3] The propriety of the award of attorney fees is uncontested.
[4] Minor children are commonly designated as beneficiaries of life insurance policies as "an aspect of child support" pursuant to an order of divorce. H. Clark, Jr., The Law ofDomestic Relations in the United States 718-19 (2d ed. 1988); Note, Child Support, Life Insurance, and the Uniform Marriageand Divorce Act, 67 Ky. L.J. 239 (1978).