This is a divorce action.
The parties, Glenda Gail Davidson and Roger Dale Davidson, were married in 1976 and have two minor children. On August 4, 1992, the husband filed a complaint for divorce, requesting, inter alia, custody of the minor children, child support, a division of the marital property, and a temporary restraining order prohibiting the parties from threatening, harming, abusing, or communicating with each other. That same day, the trial court entered an order enjoining the parties from telephoning, harassing, bothering, going around, or threatening each other pending a final order of the court.
The wife answered and counterclaimed for a judgment of divorce, seeking, inter alia, custody of the minor children, child support, and a division of the marital property. The wife also requested the trial court to hold the husband in contempt of court for violating the restraining order.
At trial, the parties stipulated that the wife should be awarded custody of the minor children. Following an ore tenus proceeding, the trial court entered a judgment on July 25, 1993, divorcing the parties and awarding the wife custody of the minor children. The trial court also awarded the wife child support in the amount of $450 per month; the marital residence and contiguous properties, subject to an outstanding mortgage of $45,500 and a $17,000 lien in favor of the husband; all of the household goods, furniture, furnishings, appliances, and yard implements; and a 1985 Plymouth Voyager van. The trial court awarded the husband all vehicles other than the 1985 Voyager van; the "renters house property"; and a $17,000 vendor's lien on the marital residence, not payable until the residence is sold, the first mortgage is foreclosed, the wife's remarriage, the children reach 19 years of age or become emancipated, the lien is declared "insecure by a court of competent jurisdiction," or as otherwise ordered by the trial court. The trial court ordered the wife to provide health care insurance for the benefit of the minor children and ordered the husband and the wife each to pay one-half of all uninsured health care expenses incurred by the minor children. The trial court further ordered that the parties' accumulated savings, in the name of one or more parent and one or more children, be divided equally between the parties.
The wife appeals, raising four issues: (1) whether the trial court's division of the marital property was unsupported by the evidence so as to be plainly and palpably wrong and unjust; (2) whether the trial court erred by failing to comply with the child support guidelines of Rule 32, Ala.R.Jud.Admin.; (3) whether the trial court erred by failing to include in the husband's child support obligation the maintenance of certain health and life insurance policies; and (4) whether the trial court erred by dividing the assets of the parties' minor children between the husband and the wife.
The division of marital property in a divorce action is a matter committed to the sound discretion of the trial court.West v. Pace, 607 So.2d 222 (Ala.Civ.App. 1991). Further, the trial court's decision, following the presentation of ore tenus evidence, is *Page 1003 
presumed correct, and this court will not reverse that decision absent a showing of an abuse of discretion. Id. While a property division need not be equal, it must be equitable.Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985).
The wife argues that the property division is inequitable, given the future prospects of the parties; the length of the marriage; the sources of the marital property; the values and the types of marital property; and the conduct of the parties.
The record reflects that the parties had been married for approximately 16 years; that during the marriage, the wife had assisted the husband with electrical and plumbing jobs; and that she had had a business raising chickens. The record also reflects that the wife was employed, earning $7.50 per hour, and that the husband was self-employed as an electrician, earning approximately $25,000 per year.
The record reflects that the marital residence and 17 acres of land were purchased with the proceeds from the sale of a house that the husband had owned before the marriage and the proceeds of a $45,000 loan secured by a mortgage on the marital residence and the 17 acres. The record also reflects that the parties had refinanced the original loan on the marital residence and the contiguous 17 acres and that the $45,500 mortgage securing the new loan covered only the marital residence and one acre of land. The record further reflects that the "renters house" was purchased with the husband's earnings and the proceeds of a $14,000 loan secured by a mortgage on that house. The wife was awarded the marital residence and contiguous properties, approximately 17 acres of land with two chicken houses and a shop, subject to the outstanding $45,500 mortgage and the husband's vendor's lien. The wife submitted an appraisal of the marital residence and contiguous properties, indicating a value of $64,200 and an appraisal of the "renters house" indicating a value of $30,000 to $35,000. The husband submitted an appraisal of the marital residence and one acre of land indicating a value of $73,500 and an appraisal of the "renters house" indicating a value of $24,500.
The wife admitted that she had had an "affair" during the marriage. She also accused the husband of having extramarital affairs; however, the husband expressly denied having any extramarital affairs. The record also reflects that both parties were physically and emotionally abusive toward each other; e.g. they had threatened each other with weapons, one of them had run the other's vehicle off the road, one of them had shot at the other, and they had hit each other. After carefully reviewing the record, we cannot hold that the trial court abused its discretion in dividing the marital property.
We next address whether the trial court erred in failing to comply with the Child Support Guidelines of Rule 32, Ala.R.Jud.Admin. At trial, the husband and the wife agreed to allow the trial court to establish child support in compliance with the Child Support Guidelines of Rule 32, Ala.R.Jud.Admin.; however, they could not agree regarding the amount of the husband's income for the purposes of calculating child support. The record reflects that the wife was employed 40 hours per week and was earning $7.50 per hour, and that the husband was self-employed as an electrician. The husband testified that the wife had all of his tax records and that he therefore could not say what his yearly income had been. The wife testified, under cross-examination, that the husband had a yearly income of around $25,000 or more.
 In its July 25, 1993, judgment, the trial court stated:
 "This case is made particularly difficult by what the Court perceives to be the exaggerated testimony of the parties. Although the Court is at liberty to disregard a witness's testimony if the court determines that the witness has willfully testified falsely to a material fact, this Court has, nevertheless, struggled to find the truth from the evidence presented."
The trial court awarded the wife $450 per month as child support.
This court remanded this cause for compliance with Rule 32(E), Ala.R.Jud.Admin., pursuant to Martin v. Martin,637 So.2d 901 (Ala.Civ.App. 1994). On remand, the trial *Page 1004 
court had each party file a Child Support Obligation Income Statement/Affidavit. The wife's income affidavit listed her income at $947 per month. The husband's income affidavit listed his income at $1,000 per month. However, the trial court, in its determination of child support, attributed $2,000 per month as income to the husband and attributed $1290 per month as income to the wife. The trial court entered an order, reaffirming its original award of $450 per month as child support to the wife.
We find that the trial court was within its discretion to determine the monthly gross income of the parties and that it correctly applied the Child Support Guidelines.
The next issue for review is whether the trial court erred by failing to include in the husband's child support obligation the maintenance of certain health and life insurance policies. The wife first argues that the trial court erred by failing to order the husband to maintain a cancer policy on the minor children, because one of the minor children had recently been diagnosed with osteomyelitis, an inflammation of the bone marrow. However, the wife voluntarily agreed to provide health insurance for the minor children, and she did not present any medical evidence of the minor child's condition and did not present any evidence that the health insurance would not cover the condition. The wife also argues that the trial court erred by failing to order the husband to maintain the life insurance policy on the parties. The record reflects that the life insurance policy was taken out to cover the mortgage on the marital residence and the minor children's educations and that the policy terminates when the minor children reach 18 years of age. Rule 32(C)(3), Ala.R.Jud.Admin., allows the trial court to make additional awards for the extraordinary medical, dental, and educational expenses; however, the language of Rule 32(C)(3) indicates that such an award is discretionary. After a careful review of the record, we cannot hold that the trial court abused its discretion by not requiring the husband to maintain the cancer policy or the life insurance policy.
Last, the wife contends that the trial court erred in dividing the assets of the minor children between the husband and the wife. The record reveals that the wife opened two savings accounts, in her name and the children's names, for the minor children's educations. At the time of trial, the accounts contained a total of approximately $1900. At trial, the wife disclaimed any interest in the savings accounts. Based upon the foregoing, we find that the savings accounts are the property of the minor children. The minor children were not parties to the action, nor were they represented by a guardian ad litem; consequently, the trial court's division of the minor children's savings accounts is due to be reversed on the authority of Hall v. Hall, 280 Ala. 275, 192 So.2d 727 (1966).
The judgment of the trial court is affirmed on all issues except for that portion of the judgment dividing the minor children's saving accounts between the husband and the wife which is reversed, and this cause is remanded for the entry of a judgment accordingly.
Both parties' requests for an attorney fee on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in part and dissents in part.