688 So.2d 839 (1997)
Dwayne L. JORDAN
v.
Carol F. JORDAN.
2950751.
Court of Civil Appeals of Alabama.
January 17, 1997.
*840 Judy B. Lange, Montgomery, for Appellant.
Anna M. Williams, Grand Bay, for Appellee.
PER CURIAM.
This is a child support modification case.
The parties were divorced in 1989 by a Mississippi court. The divorce judgment awarded custody of the parties' six children to the mother and ordered the father to pay $175 per week in child support. In 1990, the Mississippi court ordered a reduction in child support for the parties' three children who remained minors, and, in 1993, after one of the minor children had begun living with the father, the Mississippi court modified its previous order to reduce the child support obligation to $85 per week. In January 1995, the mother filed a petition in the Mobile Circuit Court requesting a child support modification and alleging that the father was in arrears and requesting the trial court to increase his child support obligation. On November 20, 1995, after conducting a hearing on the petition, the trial court held that it had jurisdiction and entered a judgment modifying child support. The trial court found that the father was not in arrears in child support and found that the older of the two minor children was self-supporting. The trial court suspended child support for the older child and increased the father's child support obligation to $561 per month for the remaining minor child; ordered the father to maintain health insurance for the child and to pay all expenses not covered by insurance; ordered the father to maintain dental insurance for the minor child and to pay one-half of the expenses not covered by that insurance; ordered the father to name the minor child as the irrevocable beneficiary under the father's existing life insurance policy and to maintain such insurance until the child reaches majority or is otherwise emancipated; and required the father to pay all outstanding medical bills currently owed.
The mother filed a post-judgment motion in which she argued that the trial court erred in determining that the older minor child was self-supporting and requested the trial court to reinstate child support and require the father to maintain medical and dental insurance for that child. The father also filed a post-judgment motion in which he argued that the trial court had erred by including his overtime wages in computing his income, had improperly computed child support based on the incorrect amount of his insurance premiums, had improperly required him to name the minor child as beneficiary on his life insurance policy, and had improperly required him to pay all outstanding medical bills. On February 26, 1996, the trial court granted the mother's motion in part and amended its original order to require the father to maintain medical insurance for the older child.
On March 12, 1996, the mother filed a second post-judgment motion and again requested the trial court to reinstate child support for the older minor child and to order the father to maintain dental insurance for that child. The trial court granted the motion and amended its judgment by ordering the father to pay child support of $868 per month for the two children, and ordered the father to maintain dental insurance for both minor children. The father appeals, raising all the issues he argued in his post-judgment motion.
Actions concerning child support, although guided by the mandatory application of the child support guidelines contained in Rule 32, Ala. R. Jud. Admin., remain within the discretion of the trial court. Its rulings on child support will not be disturbed *841 on appeal absent a finding that the trial court abused its discretion. Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App.1991). Rule 32 provides a rebuttable presumption that the amount resulting from the application of the guidelines is the correct amount to be awarded. Rule 32(A), Ala. R. Jud. Admin.
The father argues that the trial court misapplied Rule 32 when it included his overtime wages in computing his gross income for purposes of calculating his child support obligation. This court has held that "overtime" income falls within the definition of income for purposes of calculating child support, "to the extent that such income is sufficiently substantial and continuing, and that it can be accurately determined." State ex rel. Smith v. Smith, 631 So.2d 252, 255 (Ala.Civ.App. 1993). However, "there may be circumstances where overtime pay appears to be an anomaly or is uncertain or speculative, thereby justifying its exclusion from income for purposes of setting child support or deviating from the child support guidelines, in which case the trial court should make a finding to that effect." Id.; see also, Homan v. Homan, 623 So.2d 326 (Ala.Civ.App.1993).
The husband argues that his actual monthly income is $3,240.15 rather than $4,246, the amount the trial court used to compute child support. However, during his testimony at trial, the husband agreed that $4,246 reflected his monthly income. Thus, the trial court was presented with evidence to support the income calculation and the resulting child support award. Therefore, we cannot say that the trial court abused its discretion in computing the husband's gross income, and its ruling in that respect is due to be affirmed.
The father also argues that the trial court erred in failing to deduct from his child support obligation the correct monthly premium for health insurance for the minor child as required by Rule 32(B)(7)(c), Ala. R. Jud. Admin. He argues that the trial court's initial judgment issued on November 20, 1995, is due to be reversed for that reason. However, the portion of the trial court's initial modification judgment that computed child support has been vacated by the trial court's order of April 29, 1996. Therefore, the father's argument on this issue is without merit.
Judge Crawley, in his dissent, disagrees with this determination and with the validity of the judgment entered on April 29. He cites Ex parte Dowling, 477 So.2d 400 (Ala.1985), for the proposition that "after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial." Dowling, 477 So.2d at 404 (emphasis added). The present case differs from Dowling because the mother filed an additional post-judgment motion after the trial court granted her first motion and amended its order.
The father additionally argues that the trial court erred by ordering him to pay all the outstanding medical bills incurred for the children's medical care. The record reveals that the original divorce judgment required the mother to be responsible for all medical expenses not covered by insurance. A trial court may modify future installments of child support ordered by another state's judgment. Quebedeaux v. Lord, 599 So.2d 51 (Ala.Civ.App.1992). There is no authority for a trial court to modify a support order retroactively. Likewise, it is "`well established that a trial court cannot, on a petition for modification, relieve a parent of a child support obligation that has already accrued.'" Morin v. Morin, 678 So.2d 166 (Ala.Civ.App.1996) (quoting State ex rel. Horton, 678 So.2d 106, 107 (Ala.1996)). Furthermore, the comment to Rule 32 states that the guidelines "assume that the custodial parent will directly provide his/her proportionate share of support to the children." The medical expenses incurred before the petition for modification was filed were the mother's responsibility and could not be properly imposed on the father; thus, the trial court's judgment is in error in this respect. Therefore, that portion of the trial court's judgment ordering the father to pay the outstanding medical bills is reversed.
The father also contends that the trial court erred when it ordered him to maintain life insurance naming the younger of the *842 minor children as the beneficiary.[1] He points out that the mother did not request such relief and argues that that portion of the judgment exceeds the trial court's authority to order support under Rule 32. He also asserts that the cost of the insurance premiums should be deducted from his total child support obligation.
This court has stated that a trial court has the authority to order a parent to maintain life insurance naming the child as a beneficiary. Grimes v. Grimes, 424 So.2d 1317 (Ala. Civ.App.1982). Furthermore, our Supreme Court has recognized that "[m]inor children are commonly designated as beneficiaries of life insurance policies as `an aspect of child support' pursuant to an order of divorce." Whitten v. Whitten, 592 So.2d 183, 186 n. 4 (Ala.1991) (citing H. Clark, Jr., The Law of Domestic Relations in the United States, 718-19 (2d ed. 1988); Note, Child Support, Life Insurance, and the Uniform Marriage and Divorce Act, 67 Ky. L.J. 239 (1978)). This court has referred to the provision of life insurance as a matter within the trial court's discretion. Davidson v. Davidson, 643 So.2d 1001, 1004 (Ala.Civ.App.1994).
We hold that the trial court did not abuse its discretion by ordering the father to maintain life insurance for the child's benefit. Furthermore, because Rule 32 does not limit the trial court's authority to make this kind of award, we cannot say that the trial court's judgment failed to comply with Rule 32. That portion of the trial court's judgment requiring the father to maintain life insurance is affirmed.
In his dissent, Judge Crawley contends that the trial court abused its discretion by failing to state its reasons for ordering the father to name the child as a life insurance beneficiary. Although Rule 32 clearly does not require trial courts to state their reasons for ordering the supporting parent to maintain life insurance, Judge Crawley suggests that this court place this additional requirement on the trial courts. We decline to do so for two reasons.
First, the language found in Rule 32 and in its accompanying comments allows trial courts to make additional awards for "extraordinary medical, dental, and educational expenses" provided that these awards are in the best interest of the child and the trial court states its reasons for making these additional awards. Life insurance is omitted from this rule. Because the practice of requiring supporting parents to maintain life insurance for the benefit of their children is so widespread, we must assume that its omission from Rule 32 was intentional. Indeed, while Rule 32 is not a statute, it seems appropriate to apply a certain principle of statutory construction to its interpretation. That principle is expressio unius est exclusio alterius, and has been interpreted to mean that "the express inclusion of requirements in the law implies an intent to exclude other requirements not so included." Jefferson County v. Alabama Criminal Justice Information Center Comm'n, 620 So.2d 651, 658 (Ala.1993).
In addition, we refuse to require trial courts to state their reasons for requiring supporting parents to maintain life insurance for the benefit of their children because the reason will always be identical. That reason, quite obviously, is to insure that minor children will receive support in the event the supporting parent dies. To require trial courts to state this reason on every order is nonsensical.
The portion of the trial court's judgment ordering the father to pay all outstanding medical bills incurred on behalf of the children is reversed; all other portions of the trial court's judgment are affirmed.
AFFIRMED IN PART AND REVERSED IN PART.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
*843 CRAWLEY, Judge, concurring in part and dissenting in part.
Although I agree with the majority that the father's overtime wages were properly included in computing his gross income and that the trial court erred when it ordered the father to pay all outstanding medical bills, I must respectfully dissent from the remainder of the majority's opinion. Specifically, I dissent on two issues. First, I dissent from the majority's conclusion that the trial court's amended judgment dated April 29, 1996, is effective as a judgment and that this April judgment renders one of the father's contentions on appeal meritless. Second, I dissent from the majority's decision not to accept the father's argument that the requirement that he name his minor child as beneficiary of his life insurance policy increases his child support obligation beyond the amount computed pursuant to Rule 32. In my opinion, the majority's conclusions on both of these issues are incorrect.
The majority states that the trial court vacated its original judgment of November 20, 1995, and its computation of child support by entering the April 29, 1996, order and that, as a result, the father's argument that health insurance premiums were incorrectly omitted from the child support calculations is without merit. Both the father and the mother filed post-judgment motions after entry of the original judgment.
In her first post-judgment motion, the mother argued that the trial court erred in its determination that the eldest child was emancipated and requested that the trial court reconsider the issues of child support, medical insurance, and dental insurance for the eldest minor child. On February 26, 1996, the trial court granted the mother's motion in part, and it amended its original order to require the father to maintain medical insurance for the emancipated child. Unsatisfied with the outcome of her first postjudgment motion, the mother filed a second post-judgment motion on March 12, 1996, requesting again that the court reconsider its finding that the eldest minor child was emancipated. The trial court again amended its order in response to the mother's second post-judgment motion, finding that the eldest minor child was not emancipated and recomputing the child support obligation.
However, this second amended order was entered on April 29, 1996, and is of no effect because "the Rules of Civil Procedure do not authorize a movant to file a Motion to Reconsider the trial [court's] ruling on [her] own post-judgment motion.... [A]fter a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial." Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985). The majority distinguishes Dowling by noting that the mother's second post-judgment motion was appropriate because the trial court amended its judgment in response to her first motion. However, the majority overlooks the important fact that the mother's second motion requested the same relief as her first. Because the mother's second post-judgment motion requested the same relief as her first and because the trial court had already denied that relief, it could not "reconsider" and grant the mother that relief in response to her second motion. Therefore, the amended judgment of April 1996 had no effect and the child support order of the November 1995 judgment stands as the only appealable order. Accordingly, this appeal should only address the correctness of the trial court's November 20, 1995, judgment and its February 26, 1996, amended judgment.
Because the father correctly appeals from the November 1995 child support order, his argument that the trial court's child support award should be reversed because the trial court failed to deduct the monthly premium for health insurance for the minor child from his child support obligation should be addressed in this appeal. His argument is correct. See Rule 32(B)(7)(c). The father pays monthly premiums totalling $209.86 for insurance covering the minor child, but the trial court applied only $75.00 towards the calculation of the father's obligation. A trial court is bound to apply the guidelines established by Rule 32, unless the trial court makes "[a] written finding on the record indicating that the application of the guidelines would be unjust or inappropriate...." Rule 32. The trial court's reason why the *844 guidelines would be unjust or inappropriate must also be stated in writing. Rule 32. See also State ex rel. Smith v. Smith, 631 So.2d 252, 254 (Ala.Civ.App.1993). The trial court did not indicate that it was deviating from the guidelines and gave no reasons for its failure to subtract the full amount of the insurance premiums paid by the father. Therefore, I believe that the trial court's November 1995 child support award of $561.00 per month should be reversed and remanded for proper computation.
I also agree with the father's contention that the trial court's order requiring him to name the minor child as an irrevocable beneficiary of his life insurance policy increases his child support obligation beyond the amount computed pursuant to Rule 32. In doing so, I recognize that this practice has been utilized consistently by trial courts for many years. However, as I will explain, I believe that the practice has not been seriously considered in light of the requirements imposed by Rule 32.
This court has stated that the trial court has within its broad powers the right to protect the long-range security of a minor child by ordering a parent to name that child as beneficiary of a life insurance policy. Grimes v. Grimes, 424 So.2d 1317, 1320 (Ala. Civ.App.1982); Hardy v. Hardy, 46 Ala.App. 253, 257, 240 So.2d 601, 605 (1970). Even our supreme court has noted that "[m]inor children are commonly designated as beneficiaries of life insurance policies as `an aspect of support' pursuant to an order of divorce." Whitten v. Whitten, 592 So.2d 183, 186 n. 4 (Ala.1991)(citing H. Clark, Jr., The Law of Domestic Relations in the United States 718-19 (2d ed. 1988); Note, Child Support, Life Insurance, and the Uniform Marriage and Divorce Act, 67 Ky. L.J. 239 (1978)).
However, the long-standing practice of requiring a parent to name a minor child as a beneficiary of a life insurance policy originated long before the adoption of Rule 32. Many of our cases that involve the issue of life insurance, like those cited above, were decided before the adoption of the guidelines. Even Whitten, which was decided after the adoption of the guidelines, did not address the appropriateness of the order requiring a parent to name a minor child as a beneficiary in light of Rule 32.
As the father points out, requiring a parent to incur premiums for life insurance increases the amount that the parent spends on child support beyond the amount arrived at with the application of the guidelines. "The intent of mandated child support guidelines is to promote uniformity and fairness in support awards...." Richard H. Dorrough, Rule 32, Alabama Rules of Judicial AdministrationChild Support Guidelines, Alabama Lawyer, January 1990, at 36. Rule 32(A) states:
"There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded."
A trial court may deviate from the guidelines only if it makes a written finding that the application of the guidelines would be inappropriate or unjust. Rule 32(A). In making its decision whether to deviate from the guidelines, a trial court may consider "[s]uch other facts or circumstances that the court finds contribute to the best interest of the child ... for whom support is being determined." Rule 32(A)(1)(e). In addition, Rule 32(C)(4) allows the trial court to "make additional awards for extraordinary medical, dental, and educational expenses if ... the court, upon reviewing the evidence, determines that such awards are in the best interest of the child[] and states its reasons for making such additional awards." If the trial court's order requiring the father to name the minor child as a beneficiary is an award of child support, then, pursuant to either Rule 32(A)(1) or Rule 32(C)(4), the trial court was required to state its reasons for making that award.
As stated in Whitten, the common practice of requiring a parent to name a minor child a life insurance beneficiary is considered "an aspect of child support." Whitten, 592 So.2d at 186 n. 4 (citations omitted). In this court's own cases, it has referred to life insurance beneficiary provisions as "support-related obligations." Anonymous v. Anonymous, 617 *845 So.2d 694, 697 (Ala.Civ.App.1993). In addition, this court, when faced with an appeal on the grounds that the trial court erred when it failed to order a father name his minor child as beneficiary, affirmed the denial of the relief based on the discretion afforded the trial court under former Rule 32(C)(3), which is now Rule 32(C)(4). Davidson v. Davidson, 643 So.2d 1001, 1004 (Ala.Civ.App.1994).
I believe that a trial court can order that a parent name his or her minor child as a beneficiary of a life insurance policy. Such an award is a permissible deviation from the guidelines, provided that an explanation is given. As the majority points out, the basic reason behind such an award is the desire to provide for the minor child in the event of the parent's untimely death. However, the trial court must do more than order that life insurance be provided and make a statement that the award is necessary to provide support in the event of a parent's death. The trial court should not impose an additional financial obligation on a parent simply because of the divorce, but should consider the need for and the impact of the life insurance beneficiary provision.
First, the trial court should consider the parent's past practices concerning the amount of life insurance he or she previously had in effect naming the child as a beneficiary. Because life insurance costs vary depending upon the amount of coverage, the age of the insured, and health of the insured, the trial court should also consider the cost of coverage when making a decision to require life insurance.
The trial court should then consider the amount of life insurance that would be necessary to provide support for the minor child if the parent were to die. That amount would differ depending on the age of the child, the needs of the child, and the other financial resources available to the child.
Therefore, I would hold that an order requiring a parent to name a minor child as a beneficiary on a life insurance policy is a form of additional child support under Rule 32(C)(4). The trial court failed to comply with Rule 32(C)(4) because it did not state its reasons for the additional award. Accordingly, I believe that the trial court's order requiring the father to name the minor child as a beneficiary on his life insurance policy should be reversed. Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App.1993). In my opinion, the trial court on remand could make the same order; however, as required by Rule 32, it must state its reasons.
NOTES
[1] The trial court never amended that portion of its initial judgment to require the father to name the older of the minor children as a beneficiary.