MOORE, Chief Justice
(dissenting).
I must respectfully dissent from the decision to quash the writ of certiorari. The trial court’s use of its continuing jurisdiction to change the terms of the divorce judgment was improper. The agreement between Timothy Michael and his ex-wife stipulated that Michael had in place at that time life insurance policies on his own life, the life of his ex-wife and that of his minor daughter, Megan Brooke Michael, a party to this appeal. The judgment required that Michael
“maintain an equal face amount of life insurance as he currently has in force with the proceeds of said insurance on the lives of the Wife and the Husband payable to the minor child as beneficiary. In the event that said proceeds are payable while the minor child remains a minor, said policy shall name whichever party is not the named insured thereunder as custodian of said proceeds for the benefit of the minor child.”
(Emphasis added.) In a separate provision, the parties agreed that “[e]ach parent shall contribute to the costs of [Megan’s college] education in accordance with their earning or income ability.”
Michael remarried, and shortly before Megan turned 19 he changed the beneficiary of his life insurance policy to his second wife, Susan. Michael died. The life insurance company refused to pay the proceeds to Susan, and Susan sued. The trial court held that Megan was entitled to the insurance proceeds. Susan appealed; the Court of Civil Appeals affirmed, without an opinion.
From the two provisions in the agreement between Michael and his ex-wife the trial court in the case underlying this appeal determined that
“it was the intention of the parties that Timothy J. Michael maintain life insurance on his life with his child, Megan Brooke Michael, as the beneficiary so said child would have the insurance proceeds to provide a college education should Timothy J. Michael die or not otherwise be able to provide for said child’s college education.”
(Emphasis added.)
It is obvious that the divorce judgment did not mention how the proceeds of Michael’s insurance policy were to be used, except that they were to be used for the benefit of his minor child, Megan. However, Megan had already turned 19 years *1236 of age when Michael died. Megan was not listed as an irrevocable beneficiary of the insurance policy; therefore, Michael was entitled to change the beneficiary of his insurance policy when Megan reached the age of majority. Michael did, in fact, change the beneficiary on his insurance policy to his second wife shortly before Megan turned 19. Because the provision of the divorce judgment providing that Michael name Megan as beneficiary mentions nothing about providing for college education, I fail to see how the judgment demonstrates that the parties intended to have the insurance proceeds pay for Megan’s postminority college education.
In Whitten v. Whitten, 592 So.2d 183 (Ala.1991), this Court held:
“A trial court has, as a general rule, ‘no continuing equitable jurisdiction over the issues or parties to a divorce,’ in the absence of an express agreement by the parties, ‘to require that a non-custodial parent provide support of any kind to any child that [has] reached the legislatively prescribed age of majority.’ This court has recognized exceptions to the general rule in two instances. The first instance in which a court may order child support from a noncustodial parent beyond the age of majority is one in which the child is, at the time of majority, physically or mentally incapable of self-support. Under the second exception, a trial court may order a noncustodial parent to provide educational support beyond minority where application for such support is made before the minor reaches majority.”
592 So.2d at 185 (emphasis added; citations omitted).
Because it lacked any express agreement stating that the life insurance proceeds would pay for postminority support, the trial court had to arrive at its conclusion by perceiving “the intention of the parties,” which means that the trial court’s provision for postminority support must fall under one of the exceptions to the general rule that a trial court has no continuing jurisdiction over the issues or parties to a divorce. There was no evidence indicating that Megan is physically or mentally incapable of self-support, nor did Megan or her mother apply for postminority support before Megan turned 19. Thus, even if I accept the legitimacy of the exceptions to the general rule for postmi-nority support,[1] Megan fails to qualify for either of the exceptions. Consequently, according to Whitten the trial court lacked jurisdiction to order that the life insurance proceeds be used for postminority support in this case.
The trial court’s justification for its action was that the divorce judgment explicitly provided that “[t]he Court shall retain jurisdiction of this case for the entry of any necessary order in conjunction [with the parties’ promise to contribute to the costs of Megan’s college education].” While this provision gives the trial court the jurisdiction to order the parents to contribute to Megan’s college education, it does not give the trial court a free hand to rewrite the divorce judgment, and to construe an intention regarding the life insurance policy where none existed.
Michael’s intention as to the life insurance policy was evident when he changed the beneficiary before his death, a change he was entitled to make because the divorce judgment did not prohibit him from doing so once Megan reached the age of majority. Estates are still private proper *1237 ty even after the death of the testator, and a court may not alter the testator’s express choice of an heir or a beneficiary. The trial court erred. Accordingly, I dissent.

. I do not accept their legitimacy. See my dissent in Ex parte Tabor, 840 So.2d 115, 123 (Ala.2002).