MOORE, Judge,
concurring in the result.
I, concur in the result of the main opinion with regard to the requirement that the husband maintain a life-insurance policy on his life for the benefit of the wife. I agree with the husband that the obligation to pay periodic alimony ends upon the death of the obligor spouse; thus, life in *969 surance cannot possibly be ordered to “secure” that obligation. I also note that an award of life insurance cannot be deemed “alimony in gross” because “the time of payment and the amount [of alimony in gross] must be certain.” Cheek v. Cheek, 500 So.2d 17, 18 (Ala.Civ.App.1986). Thus, the trial court’s order that the husband maintain a life-insurance policy for the benefit of the wife can only be deemed a mere gratuity or “benevolent gesture by the [trial] court and a matter within its discretion.” Powell v. Powell, 628 So.2d 882, 835 (Ala.Civ.App.1993).
Because I find no lawful basis for the entry of such an order, I would be inclined to reverse that order; however, I note that, on remand, the trial court must reconsider the entire division of property and the award of alimony, including the life-insurance provision. At that time, the trial court may delete the provision requiring the husband to maintain a life-insurance policy for the benefit of the wife. Therefore, I do not dissent from the main opinion’s decision on this issue at this time.
I also concur in the result "with regard to the requirement that the husband maintain a life-insurance policy on his life for the benefit of the child. “Minor children are commonly designated as beneficiaries of life insurance policies as ‘an aspect of child support’ pursuant to an order of divorce.” Whitten v. Whitten, 592 So.2d 183, 186 n. 4 (Ala.1991) (citing H. Clark, Jr., The Law of Domestic Relations in the United States 718-19 (2d ed.1988); and Note, Child Support, Life Insurance, and the Uniform Marriage and Divorce Act, 67 Ky. L. J. 239 (1978)). “Whether to order a party to maintain a life insurance policy for the benefit of minor children is within the discretion of the trial court.” Kirkland v. Kirkland, 860 So.2d 1283, 1288 (Ala.Civ. App.2003).
The husband in the present case argues that the trial court’s order requiring him to maintain a life-insurance policy for the benefit of the child is a deviation from the requirements of Rule 32, Ala. R. Jud. Admin., and, thus, that the trial court erred in not stating the reasons for its deviation.[5] In Jordan v. Jordan, 688 So.2d 839, 842 (Ala.Civ.App.1997), this court held that an order that a parent maintain life insurance for a child’s benefit does not fail to comply with Rule 32 and that a “trial eourt[ is not required] to state [its] reasons for ordering the supporting parent to maintain life insurance.” Judge Crawley dissented from that holding, stating:
“This court has stated that the trial court has within its broad powers the right to protect the long-range security of a minor child by ordering a parent to name that child as beneficiary of a life insurance policy. Grimes v. Grimes, 424 So.2d 1317, 1320 (Ala.Civ.App.1982); Hardy v. Hardy, 46 Ala.App. 253, 257, 240 So.2d 601, 605 (1970). Even our supreme court has noted that ‘[m]inor children are commonly designated as beneficiaries of life insurance policies as “an aspect of support” pursuant to an order of divorce.’ Whitten v. Whitten, 592 So.2d 183, 186 n. 4 (Ala.1991) (citing H. Clark, Jr., 718-19 (2d ed.1988); Note, Child Support, Life Insurance, and the Uniform Marriage and Divorce Act, 67 Ky. L.J. 239 (1978)).
“However, the long-standing practice of requiring a parent to name a minor child as a beneficiary of a life insurance policy originated long before the adoption of Rule 32. Many of our cases that involve the issue of life insurance, like *970 those cited above, were decided before the adoption of the guidelines. Even Whitten, which was decided after the adoption of the guidelines, did not address the appropriateness of the order requiring a parent to name a minor child as a beneficiary in light of Rule 32.
“As the father points out, requiring a parent to incur premiums for life insurance increases the amount that the parent spends on child support beyond the amount arrived at with the application of the guidelines. ‘The intent of mandated child support guidelines is to promote uniformity and fairness in support awards.... ’ Richard H. Dorrough, Rule 32, Alabama Rules of Judicial Administration-Child Support Guidelines, Alabama Lawyer, January 1990, at 36. Rule 32(A) states:
“‘There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded.’
“A trial court may deviate from the guidelines only if it makes a written finding that the application of the guidelines would be inappropriate or unjust. Rule 32(A). In making its decision whether to deviate from the guidelines, a trial court may consider ‘[s]uch other facts or circumstances that the court finds contribute to the best interest of the child ... for whom support is being determined.’ Rule 32(A)(1)(e). In addition, Rule 32(C)(4) allows the trial court to ‘make additional awards for extraordinary medical, dental, and educational expenses if ... the court, upon reviewing the evidence, determines that such awards are in the best interest of the child[ ] and states its reasons for making such additional awards.’ If the trial court’s order requiring the father to name the minor child as a beneficiary is an award of child support, then, pursuant to either Rule 32(A)(1) or Rule 32(C)(4), the trial court was required to state its reasons for making that award.
“As stated in Whitten, the common practice of requiring a parent to name a minor child a life insurance beneficiary is considered ‘an aspect of child support.’ Whitten, 592 So.2d at 186 n. 4 (citations omitted). In this court’s own cases, it has referred to life insurance beneficiary provisions as ‘support-related obligations.’ Anonymous v. Anonymous, 617 So.2d 694, 697 (Ala.Civ.App.1993). In addition, this court, when faced with an appeal on the grounds that the trial court erred when it failed to order a father [to] name his minor child as beneficiary, affirmed the denial of the relief based on the discretion afforded the trial court under former Rule 32(C)(3), which is now Rule 32(C)(4). Davidson v. Davidson, 643 So.2d 1001, 1004 (Ala.Civ. App.1994).
“I believe that a trial court can order that a parent name his or her minor child as a beneficiary of a life insurance policy. Such an award is a permissible deviation from the guidelines, provided that an explanation is given. As the majority points out, the basic reason behind such an award is the desire to provide for the minor child in the event of the parent’s untimely death. However, the trial court must do more than order that life insurance be provided and make a statement that the award is necessary to provide support in the event of a parent’s death. The trial court should not impose an additional financial obligation on a parent simply because of the divorce, but should consider the need for and the impact of the life insurance beneficiary provision.
“First, the trial court should consider the parent’s past practices concerning *971 the amount of life insurance he or she previously had in effect naming the child as a beneficiary. Because life insurance costs vary depending upon the amount of coverage, the age of the insured, and health of the insured, the trial court should also consider the cost of coverage when making a decision to require life insurance.
“The trial court should then consider the amount of life insurance that would be necessary to provide support for the minor child if the parent were to die. That amount would differ depending on the age of the child, the needs of the child, and the other financial resources available to the child.”
Jordan, 688 So.2d at 844-45 (Crawley, J., dissenting).
I agree with Judge Crawley’s reasoning and adopt that reasoning herein. Accordingly, I would direct the trial court to reconsider its requirement that the husband maintain a life-insurance policy for the benefit of the child in light of the considerations set forth in Judge Craw-ley’s dissent in Jordan. I would also direct the trial court that if, on remand, it decides to order the husband to maintain a life-insurance policy for the benefit of the child, such an order is a deviation from the requirements of Rule 32 and, thus, the trial court must make written findings in accordance with Rule 32(A) as to the reason for that deviation.
With regard to the remaining issues addressed in the main opinion, I also concur in the result.

. Although Rule 32 has been amended effective January 1, 2009, because the complaint for a divorce in this case was filed before that date, this action is governed by Rule 32 as it read before that amendment.